The State ex rel. Cameron vs. Roberts.

THE STATE EX REL. CAMERON, Respondent, vs. ROBERTS, Appellant.

*February 28 — March 16, 1894.*

Certiorari: *Quashing after-return: Justices' courts: Jurisdiction: Record importing verity: Application for removal.*

1. A writ of *certiorari* issued to a justice of the peace may be quashed on motion, after return made, if the return fails to show a lack of jurisdiction on the part of the justice.

2. The transcript of a justice's docket, returned by him upon *certiorari*, showed that one only of two defendants applied for a removal of the case to another justice and that the application was denied on that ground; but attached to the return was a written demand for removal on behalf of both defendants. *Held*, that the docket, showing that the justice was not deprived of jurisdiction by the application for removal, imported absolute verity and could not be contradicted by the paper attached to the return.

The State ex rel. Cameron vs. Roberts.

APPEAL from the Circuit Court for *Milwaukee* County.

This is an appeal from an order of the circuit court of Milwaukee county denying the motion to quash a writ of *certiorari* issued out of that court to a justice of the peace to reverse a judgment rendered by him in an action for unlawful detainer, in which the above-named defendant was plaintiff, and the above-named relator and one Mrs. R. L. Fatzinger were defendants. It was alleged, in substance, in the petition for the writ, that at the time for appearance of the parties the defendants appeared by their attorney specially, and, for the purpose of removing the cause, one of the defendants, *Mary E. Cameron*, filed her affidavit of prejudice for the removal of the cause to the next nearest justice qualified to try the same, and paid the required fee, and withdrew from the case and took no further proceedings in it, but that the justice refused to change the place of trial, and on the same day tried the cause and rendered judgment of restitution with costs against the defendants.

The certified copy of the docket entries of the justice, returned by him to the writ, states: "Defendant *Mary E. Cameron* appears specially, and files affidavit of prejudice, and pays me 75c., and asks to have case transmitted to the nearest justice, which the court refuses to do on the ground that the affidavit of prejudice is signed only by the defendant *Mary E. Cameron* and is made on her behalf only. The defendant Mrs. R. L. Fatzinger appears by A. C. Reitbrock, and denies each and every allegation of the complaint." The transcript proceeds to state that the cause was tried, giving the names of the witnesses sworn, and the finding and judgment of the court against the defendants, as stated in the petition. The certificate of this transcript is in the usual form, and "that the annexed papers are all the papers in the case." Among these papers is the affidavit of the defendant *Cameron* for removal, but it makes no reference to the defendant Fatzinger, nor

does it purport to have been made on her behalf; and also a written appearance to the effect that "the defendants above named come and demand that the papers herein, and this action, be transferred to the next nearest justice of the peace qualified to try the same," and was dated and filed on the return day, and signed by H. L. Buxton as defendants' attorney; and also a paper — apparently the minutes kept by the justice, subscribed by him — containing the evidence given by witnesses, and is in other respects to the same effect as the certified transcript. It states the appearance of the defendants by Henry L. Buxton, their attorney, the making and filing of the affidavit by the. defendant, and the ruling thereon, and that "the defendants decline to appear further in the case." After giving the testimony of one witness, it states that "the defendant Fatzinger now appears by A. C. Reitbrock, her attorney, and denies each and every allegation of the complaint," and shows that the trial proceeded and other evidence was produced.

On the affidavit of the defendant in the writ of *certiorari*, "the records and files therein, including relation, writ, return, and all the papers filed," an order was made requiring the relator to show cause why the writ of *certiorari* should not be quashed, etc. Upon the hearing, an order was made denying this motion, from which defendant *Roberts* appealed.

For the appellant there was a brief by *Turner & Timlin*, and oral argument by *W. H. Timlin*.

*Henry L. Buxton*, for the respondent, cited *Hellriegel v. Truman*, 60 Wis. 253; *Wolcott v. Wolcott*, 32 id. 63; *State ex rel. Cuppel v. Milwaukee Chamber of Commerce*, 47 id. 670, 679; *Eldred v. Becker*, 60 id. 48.

PINNEY, J.  1. There is no defect of substance or form in the writ of *certiorari* in this case, and it was properly

served. The petition upon which it was issued was, upon its face, entirely sufficient. The only ground upon which it can be maintained that it ought to have been quashed is that the return shows that it was not issued in a proper case, and that the writ may be quashed on motion after return made, without waiting for a formal hearing at a subsequent term. In *State ex rel. Dalrymple v. Milwaukee Co.* 58 Wis. 4, it was held that "if the respondent is of the opinion that the writ was issued when it ought not to have been, or that it was not properly directed, or was defective, and he does not desire to have the proceedings reviewed upon their merits, he should regularly move the court to quash the writ, and not proceed to a hearing on the merits until such motion is disposed of." In that case, where a writ of *certiorari* had been superseded after return and hearing on the merits, but without any motion to quash it, this court reversed the order superseding the writ, but passed upon the merits, and decided that, as the merits of the case were before the court below and had been fully discussed in this court, it would direct what judgment should be entered in the circuit court. The motion to quash in this case was based upon the return and other papers, and the merits of the case, as shown by the return, were necessarily brought under consideration. As a common-law writ of *certiorari* issues only in the discretion of the court, and not *ex debito justitiæ*, the writ may, after return, be quashed or withdrawn, when it is made manifest from the return that it was not issued in a proper case. 2 Burrill, Pr. 196; *People v. New York*, 2 Hill, 9, 11; *People ex rel. Smith v. Comm'rs*, 103 N. Y. 370. No objection appears to have been made in the circuit court to the consideration of the merits upon the order to show cause, and on this appeal the entire discussion was upon the merits as thus disclosed. If the return failed to show a want of

The State ex rel. Cameron vs. Roberts.

jurisdiction on the part of the justice, the writ should have been quashed or the judgment should have been affirmed. We are of the opinion that, in view of the manner in which the case came before the court, it might properly render judgment in either form. An order quashing or withdrawing the writ upon such motion would probably be considered a practical affirmance of the judgment.

2. The record of the justice on the question of jurisdiction involved imports absolute verity, notwithstanding contradictory statements made in the justice's return. *Cassidy v. Millerick*, 52 Wis. 379; *Smith v. Bahr*, 62 Wis. 244. The paper returned with the transcript of the docket of the justice shows that both defendants applied for a removal of the case; but the transcript of the docket entry shows that only one of them so applied, and that the court refused the removal " on the ground that the affidavit of prejudice is signed only by the defendant *Mary E. Cameron*, and is made on her behalf only." The entry of the appearance and answer of the defendant Mrs. R. L. Fatzinger follows immediately after this entry. The record of the justice is made up with clearness and certainty, and shows that he was not deprived of jurisdiction by the application for removal. He makes no mention of the written demand of removal which appears among the papers, and it is possible that his attention was not particularly directed to it. We cannot indulge, however, in any presumption or inference against the record, drawn from loose papers now attached to the return. In the case of *Hellriegel v. Truman*, 60 Wis. 253, the defect of jurisdiction was plain, and it appeared clearly and decisively from the record that, although the affidavit was made by only a part of the defendants, all of them, five in number, demanded a removal; and the same remark is true of the other cases cited by respondent's counsel.

Commercial Bank of Milwaukee vs. Firemen's Ins. Co. of Dayton, Ohio.

For these reasons, the order of the circuit court refusing to quash the writ must be reversed, and the cause remanded to that court with directions to affirm the judgment of the justice.

*By the Court.*— Judgment is ordered accordingly.