The State ex rel. Posbrig vs. Daubner.

---

THE STATE EX REL. POSBRIG, Appellant, vs. DAUBNER, Respondent.

*October 16 — November 5, 1901.*

(1) *Justices' courts: Jurisdiction: Amendment of pleading: Adjournment: Consent.* (2) Certiorari: *When writ may be quashed.*

1. Where an amendment of the complaint is allowed upon terms in justice's court in violation of subd. 11, sec. 3626, Stats. 1898 (prohibiting the allowance of an amendment after a witness is sworn when an adjournment will thereby be made necessary), the justice does not lose jurisdiction if the defendant accepts the terms and consents to the adjournment.
2. When the return to a writ of *certiorari* shows the proceedings to have been with full jurisdiction and regular, the writ may be quashed.

APPEAL from a judgment of the circuit court for Waukesha county: JAMES J. DICK, Circuit Judge. *Affirmed.*

The State ex rel. Posbrig vs. Daubner.

An action was commenced in justice's court December 6, 1899, by Chas. M. Kellar against *Theodore Posbrig* to recover on a promissory note, returnable December 20, 1899. The plaintiff filed a written complaint, in which the defendant was named "Theodore Posburg." The defendant appeared and answered, and the case was adjourned from time to time until March 12, 1900. At that date both parties were ready for trial. The plaintiff swore a witness, whereupon the defendant objected to any evidence under the complaint, for the reason that it failed to state a cause of action against "*Theodore Posbrig,*" but did state a cause of action against "Theodore Posburg." The plaintiff asked leave to amend by making the change in the name of defendant. The defendant made an affidavit of surprise, but, after some consideration, the justice permitted the amendment, on condition that plaintiff pay defendant $5.40, the cost of one day's attendance of his witnesses. This sum was paid to defendant's attorney. The following entry appears in the justice's docket:

"By consent of parties, this case is adjourned to March 21, 1900, at 10 o'clock a. m., at my office in the city of Waukesha, Wisconsin; said adjournment having been made necessary by the allowance of said amendment."

On the adjourned day the defendant failed to appear, and plaintiff took judgment for the amount of the note and costs. Thereafter the defendant sued out a writ of *certiorari* addressed to the justice, claiming that he lost jurisdiction of the case by allowing the amendment of the complaint after a witness had been sworn on the trial. Due return to the writ was made by the justice, and after a hearing on the merits, on motion of the attorney for the justice, a judgment was entered by the circuit court quashing the writ and for costs. From this judgment the relator has taken this appeal.

For the appellant there was a brief by *Tullar & Lockney,* and oral argument by *D. S. Tullar.*

*Simon Gillen,* for the respondent.

BARDEEN, J.   Subd. 11, sec. 3626, Stats. 1898, authorizes a justice of the peace to permit pleadings to be amended, when by such amendment substantial justice will be promoted, but provides that "no amendment shall be allowed after a witness is sworn on a trial when an adjournment thereby will be made necessary." In this case the justice permitted an amendment of plaintiff's complaint to be made on condition that plaintiff pay one day's attendance of defendant's witnesses. This amount was paid, and the justice's docket shows that the defendant then consented to an adjournment. Such consent renders it unnecessary to determine what would have been the effect of the allowance of such amendment upon the question of the jurisdiction of such justice. Clearly, the justice had no right to permit the amendment when an adjournment of the case was thereby rendered necessary. But having granted the amendment on terms, and the defendant having accepted such terms and consented to the adjournment, there was certainly no loss of jurisdiction. Even if it be considered that the justice lost jurisdiction of the case by the allowance of the amendment, still a subsequent consent to the adjournment purged the case of any fault under that ruling, and left it to proceed the same as if it had never been made. Under these circumstances, there was no merit in defendant's writ, and the judgment of the justice should have been affirmed. But, instead of doing this, the court entered a judgment quashing the writ. The appellant claims this to have been erroneous. Whatever may have been the confusion among the earlier decisions of this court, it is now well settled that, when the return to the writ shows the proceedings were with full jurisdiction and regularity, it may be quashed. *State ex rel. Gray v. Oconomowoc*, 104 Wis. 622, and cases cited on page 628.

*By the Court.*— The judgment is affirmed.