STATE EX REL. PARK PLAZA SHOPPING CENTER, INC., Appellant, v. O'MALLEY and others, Respondents.

*No. 104. Submitted under sec. (Rule) 251.54 May 3, 1973.— Decided June 5, 1973.*
(Also reported in 207 N. W. 2d 622.)

For the appellant the cause was submitted on the brief of *Geisler & Kay* and *Robert J. Kay,* all of Madison.

For the respondents the cause was submitted on the brief of *Edwin Conrad,* city attorney of Madison, and *Larry W. O'Brien,* assistant city attorney.

PER CURIAM. The question in this case is whether there is sufficient support in the record for the determination of the board of review. We conclude there is.

The improvements and land were valued separately as required under *State ex rel. Gisholt Machine Co. v. Norsman* (1919), 168 Wis. 442, 169 N. W. 429. The land was valued on the basis of comparable sales, which is the best information of market value after an actual sale of the property itself. *State ex rel. Markarian v. Cudahy* (1970), 45 Wis. 2d 683, 173 N. W. 2d 627. The relator made no objection to any of the comparable sales offered by the assessor. The improvements were valued on a reproduction cost basis according to standard appraisal manuals. This is a proper method of appraisal for tax assessment purposes. *Superior Nursing Homes, Inc. v. Wausau* (1968), 37 Wis. 2d 570, 155 N. W. 2d 670. There is nothing in the record to suggest that better information was available for determining the value of the improvements.

There was testimony on behalf of the relator that a professional appraiser wanted to testify in this matter, but the appraiser was not produced. The failure of a party to call a witness whom it would be more natural for him to call than the opposing party raises an inference that the witness' testimony would have been unfavorable to the party failing to call him. *Coney v. Milwaukee & Suburban Transport Corp.* (1959), 8 Wis. 2d 520, 99 N. W. 2d 713. The trial court was correct in refusing to reverse the board of review.

The judgment in this case quashed the writ of certiorari rather than affirming the determination of the board of review. After some confusion in prior cases, it was held in *State ex rel. Posbrig v. Daubner* (1901), 111 Wis. 671, 87 N. W. 802, that a judgment quashing a writ of certiorari could be entered even after return and a hearing on the merits. However, we have found no case in which judgment was rendered quashing a writ when no motion to quash was made. In addition, *State ex rel. Posbrig v. Daubner, supra,* involved a writ

of certiorari under common-law procedure. The issuance of the writ is discretionary with the court, and the writ may be quashed in the court's discretion when it becomes apparent that it was not issued in a proper case. *State ex rel. Cameron v. Roberts* (1894), 87 Wis. 292, 58 N. W. 409. Sec. 70.47 (9a), Stats., directs that appeal from the board of review shall be by writ of certiorari to the circuit court. Under the statute the issuance of the writ is not discretionary. Accordingly, it is not appropriate to enter judgment quashing the writ as the practical equivalent of an affirmance of the board of review.

The judgment is modified so that it affirms the board of review rather than quashing the writ and, as modified, the judgment is affirmed. No costs to be taxed.