Norbert STURDEVANT, Plaintiff,

v.

Renee HAFERMAN, James Nagel, and Marianne Cooke, Defendants.

Civ. A. No. 90–C–1144.

United States District Court,
E.D. Wisconsin.

Aug. 6, 1992.

Norbert Sturdevant, pro se.

Eileen W. Pray, Asst. Atty. Gen., Madison, Wis., for defendants.

## DECISION AND ORDER

REYNOLDS, Senior District Judge.

Presently before this court are (1) Magistrate Judge Aaron E. Goodstein's recommendation on defendants' motion to dismiss the complaint, (2) plaintiff's post-recommendation motions to amend his complaint, and (3) plaintiff's motion for appointment of counsel. For the reasons below, this court adopts the magistrate judge's recommendation, denies defendants' motion to dismiss, and denies plaintiff's motions to amend his complaint and for appointment of counsel.

### Background

On November 15, 1990, pro se plaintiff Norbert Sturdevant ("Sturdevant"), an inmate at the Kettle Moraine Correctional Institution ("KCMI"), commenced this civil rights action pursuant to Title 42 United States Code § 1983 in the United States District Court for the Western District of Wisconsin. Sturdevant alleges that on October 26, 1990, the defendants infringed his Fourteenth Amendment due process rights by holding a disciplinary hearing only five minutes after giving him notice of the conduct charges brought against him. On November 21, 1990, United States District Court Judge John C. Shabaz granted Sturdevant's motion to proceed in forma pauperis, and on November 29, 1990, transferred the action to this court. The action was then referred to Magistrate Judge Goodstein for the handling of pretrial matters pursuant to 28 U.S.C. §§ 636(b)(1)(A), and Local Rules §§ 13.02 and 13.03 (E.D.Wis.).

On December 12, 1990, defendants moved to dismiss the action for failure to state a claim for relief under Fed.R.Civ.P.

12(b)(6). On February 8, 1991, Magistrate Judge Goodstein recommended that defendants' motion to dismiss be denied. On February 15, 1991, the defendants filed their objections to the magistrate judge's recommendation. On February 19, 1991, Sturdevant responded to the defendants' objections.

On March 15, 1991, and again on April 3, 1991, Sturdevant moved to amend his complaint to include allegations concerning the defendants' conduct during a later due process hearing that took place on March 12, 1991. The defendants have opposed the motions on the grounds that they are untimely and that the amendments would greatly expand the scope of this proceeding at this late date.

On August 20, 1991, Sturdevant moved for appointment of counsel.

### Factual Allegations [1]

On October 26, 1990, defendant Renee Haferman ("Haferman") allegedly subjected Sturdevant to a disciplinary hearing only five minutes after informing him of the charges brought against him. Haferman then allegedly attempted to conceal the actual date of the hearing by recording a false date on the hearing form. The prison adjustment committee found Sturdevant guilty of the violations as charged and ordered him to spend eight days in adjustment segregation and penalized him with the loss of four days good-time credits. Sturdevant alleges that defendant James Nagel ("Nagel") failed to supervise Haferman adequately with respect to the hearing procedure, and that defendant Marianne Cooke ("Cooke") [2] failed to conduct a thorough investigation of the facts of his case in affirming the adjustment committee's decision. Sturdevant requests monetary relief and an order requiring the Department of Investigations to conduct an investigation into KMCI's disciplinary practices.

---

1. In considering the motion to dismiss, this court accepts all well-pleaded factual allegations as true, *Rothner v. City of Chicago*, 929 F.2d 297, 302 (7th Cir.1991), and construes such allegations liberally in the plaintiff's favor in light of his pro se status. *Haines v. Kerner*, 404 U.S.

519, 520–21, 92 S.Ct. 594, 595–96, 30 L.Ed.2d 652 (1972) (per curiam).

2. Cooke is incorrectly designated as "Cook" in the complaint.

*Analysis*

## I. Magistrate Judge's Recommendation on Motion to Dismiss

■ Sturdevant asserts that the state's administrative regulations provide him a Fourteenth Amendment liberty interest in having adequate notice of the charges at issue in a prison disciplinary hearing. Under *Wolff v. McDonnell,* 418 U.S. 539, 94 S.Ct. 2963, 41 L.Ed.2d 935 (1974), the Supreme Court held that prisoners facing major misconduct disciplinary penalties must be afforded several minimum procedural protections, including written notice of the charges against the inmate prior to the hearing, and the limited right to call witnesses and to present documentary evidence. *Cain v. Lane,* 857 F.2d 1139, 1145 (7th Cir.1988) (citing *Wolff,* 418 U.S. at 563–67, 94 S.Ct. at 2978–80). These protections are not met where the prisoner is given so little notice of a hearing that he cannot prepare his case or obtain necessary evidence. Accordingly, the Wisconsin Administrative Code specifically requires that hearings for major or minor prison violations must be held no sooner than two working days after the inmate receives a copy of a conduct report setting forth the charges against him. Wis.Admin.Code §§ DOC 303.75(2) and 303.76(2). Thus, to the extent that defendants ignored state regulations that codified a procedure mandated by *Wolff,* their conduct deprived Sturdevant of a protected liberty interest.

■ Defendants argue that Sturdevant has nonetheless failed to state a Fourteenth Amendment claim because the alleged deprivation did not occur without due process under the rule announced in *Parratt v. Taylor,* 451 U.S. 527, 101 S.Ct. 1908, 68 L.Ed.2d 420 (1981), *overruled on other grounds, Daniels v. Williams,* 474 U.S. 327, 106 S.Ct. 662, 88 L.Ed.2d 662 (1986), and *Hudson v. Palmer,* 468 U.S. 517, 104 S.Ct. 3194, 82 L.Ed.2d 393 (1984). In *Parratt,* prison employees negligently lost a prisoner's mail-order hobby kit, 451 U.S. at 530, 101 S.Ct. at 1910; in *Hudson,* a prison guard deliberately destroyed the plaintiff's non-contraband personal property during a shakedown search of his cell. 468 U.S. at

520, 104 S.Ct. at 3196–97. In each case, the Court held that the prisoners had not been deprived of property without due process because (1) the deprivations resulted from the random and unauthorized deviation by state employees from established state procedures rather than from the established procedures themselves, and (2) the states provided adequate post-deprivation tort remedies to compensate the deprivations. In *Zinermon v. Burch,* 494 U.S. 113, 110 S.Ct. 975, 108 L.Ed.2d 100 (1990), the Court emphasized that the due process clause generally requires a state to provide a pre-deprivation hearing where it feasibly can do so. The Court thereby limited *Parratt* to cases in which pre-deprivation hearings would have little preventative effect— as where a state employee's conduct occurs at such a low level that the state cannot feasibly provide an opportunity for a hearing before the act occurs. *See Tavarez v. O'Malley,* 826 F.2d 671, 676 (7th Cir.1987); *DeSouto v. Cooke,* 751 F.Supp. 794, 798 (E.D.Wis.1990) (Gordon, J.). However, due process is afforded in such cases only where the state provides adequate post-deprivation remedies. *Hudson,* 468 U.S. at 517, 104 S.Ct. at 3195. Defendants argue that they are entitled to dismissal under the *Parratt* rule because (1) the defendants' alleged failure to comply with disciplinary hearing procedures was so unpredictable and unauthorized that a pre-deprivation hearing was impracticable, and (2) state certiorari review provides an adequate post-deprivation remedy.

Defendants second argue that to the extent that they are sued in their official capacities, this lawsuit is barred by *Will v. Michigan Dept. of State Police,* 491 U.S. 58, 71, 109 S.Ct. 2304, 2311–12, 105 L.Ed.2d 45 (1989). Finally, defendants argue that to the extent that they are sued in their individual capacities, they are shielded by the doctrine of qualified immunity as set forth in *Harlow v. Fitzgerald,* 457 U.S. 800, 818, 102 S.Ct. 2727, 2738, 73 L.Ed.2d 396 (1982), because they did not violate any clearly established constitutional rights of which they reasonably should have known.

The magistrate judge recommends denying the motion to dismiss. In rejecting the defendants' first ground for dismissal, the magistrate judge recognized that the defendants' acts were random and unauthorized, but concluded that the state writ of certiorari did not provide a constitutionally adequate post-deprivation remedy. Regarding the defendants' final two arguments for dismissal, the magistrate judge noted that although Sturdevant is barred from suing the defendants in their official capacities, he may sue them in their individual capacities. He then concluded that the defendants are not entitled to qualified immunity in that capacity, because they are alleged to have violated clearly established constitutional procedures.

This court will adopt the magistrate judge's carefully-reasoned recommendation.

■ The defendants are not entitled to dismissal under the *Parratt* rule because, although the defendants' acts may have been "random and unauthorized" within the meaning of *Parratt*, the state has not provided as adequate post-deprivation remedy. The Court held in *Parratt* that Nebraska tort law provided an adequate post-deprivation remedy because, even though it did not provide all the relief that might have been available under 42 U.S.C. § 1983,[3] it "could have fully compensated the [prisoner] for the property loss he suffered." 451 U.S. at 544, 101 S.Ct. at 1917. The Court held that Virginia tort law provided an adequate post-deprivation remedy in *Hudson* because the law afforded "adequate compensation for ... property loss." 468 U.S. at 535, 104 S.Ct. at 3204. Thus, although the Court stated in both *Parratt* and *Hudson* that a state remedy need not provide the full relief available under § 1983 in order to be considered adequate, *Hudson*, 468 U.S. at 535, 104 S.Ct. at 3204–05 (citing *Parratt*, 451 U.S. at 544, 101 S.Ct. at 1917), it held that the remedies available in those cases were adequate because they afforded the plaintiffs *some*

remedy for their alleged deprivations. In *Easter House v. Felder*, 910 F.2d 1387 (7th Cir.1990) (en banc), the court of appeals applied the *Parratt* rule in holding that Illinois tort law provided an adequate post-deprivation remedy to a private adoption agency which alleged that state officials had conspired to harass it and to deprive it of its property interest in renewing its operating license. 910 F.2d at 1406. The court concluded that Illinois law provided due process because it recognized a number of tort actions under which the plaintiff could have sought compensatory and punitive relief for its deprivations of property. *Id.* Reading *Parratt*'s teaching on the adequacy of post-deprivation remedies broadly, the court of appeals stated that a post-deprivation remedy is inadequate only if it "is meaningless or non-existent and, thus, in no way can be said to provide the due process relief guaranteed by the [F]ourteenth [A]mendment." *Id.*

Even under this exceptionally deferential standard, the Wisconsin writ of certiorari is a constitutionally inadequate post-deprivation remedy for Sturdevant's alleged constitutional harm. Although an inmate may challenge disciplinary hearing procedures through a writ of certiorari, *see State ex rel. Staples v. Dept. of Health and Social Services*, 115 Wis.2d 363, 340, 340 N.W.2d 194 (1983), he may seek only expungement of a conduct report and may not recover any damages through certiorari review. *See Duenas v. Nagle*, 765 F.Supp. 1393, 1400 (W.D.Wis.1991). Sturdevant here suffered two distinct types of harm from the defendants' alleged violation of the disciplinary hearing procedures: (1) he was placed in adjustment segregation for eight days, and (2) he lost four days of good-time credits. Even though he could seek to expunge his conduct report and to recover his lost good-time credits through state certiorari review, he could not pursue any remedy for his allegedly wrongful placement in adjustment segregation. To the extent that certiorari review does not provide any redress for that distinct harm, which is the only

---

**3.** Specifically, unlike § 1983, the Nebraska tort law at issue did not provide the right to a jury trial, the right to sue the individual defendants,

or the right to seek punitive damages. 451 U.S. at 543–44, 101 S.Ct. at 1916–17.

harm that Sturdevant seeks to redress in this action, it is a meaningless and therefore inadequate post-deprivation remedy under *Parratt, Hudson,* and *Easter House.* In so concluding, this court respectfully disagrees with the contrary result reached by the District Court for the Western District of Wisconsin in *Duenas. See Duenas,* 765 F.Supp. at 1400.

█ As the magistrate judge noted, the defendants may not be sued in their official capacities, but only in their individual capacities. *See Hafer v. Melo,* — U.S. —, 112 S.Ct. 358, 116 L.Ed.2d 301 (1991). They are not entitled to qualified immunity in their individual capacities at this juncture, however, because they are alleged to have violated long-established due process rights.

█ In *Harlow v. Fitzgerald,* 457 U.S. 800, 818, 102 S.Ct. 2727, 2738, 73 L.Ed.2d 396 (1982), the Supreme Court announced the following objective test for determining when a government official is entitled to qualified immunity:

> [G]overnment officials performing discretionary functions, generally are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.

The test for qualified immunity is thus "whether the law is clear in relation to the specific facts confronting the public official when he acted." *Auriemma v. Rice,* 910 F.2d 1449, 1455 (7th Cir.1990) (en banc), *cert. denied,* — U.S. —, 111 S.Ct. 2796, 115 L.Ed.2d 970 (1991). The plaintiff therefore bears the burden of establishing the existence of a constitutional right by citing "[c]losely analogous cases, those decided before the defendants acted or failed to act." *Rackovich v. Wade,* 850 F.2d 1180, 1209 (7th Cir.) (en banc) (quoting *Powers v. Lightner,* 820 F.2d 818, 821 (7th Cir.1987)), *cert. denied,* 488 U.S. 968, 109 S.Ct. 497, 102 L.Ed.2d 534 (1988). As of 1974, years before the defendants' alleged acts took place, the Supreme Court had already established in *Wolff* that a prisoner facing major disciplinary charges must be afford-

ed adequate notice of those charges prior to the disciplinary hearing. *Wolff,* 418 U.S. at 563–67, 94 S.Ct. at 2978–80. The defendants' request for qualified immunity must therefore be denied. *See Harlow,* 457 U.S. at 818, 102 S.Ct. at 2738.

This court therefore adopts the magistrate judge's recommendation and denies the defendants' motion to dismiss.

## II. Motion to Amend Complaint

█ This court will deny Sturdevant's motion to amend his complaint, because his proposed amendment concerns an incident unrelated to the due process hearing at issue in the current complaint. *See* Fed. R.Civ.P. 15(a) (whether to permit amendment is discretionary). This court declines to so expand the scope of these proceedings at this late stage.

## III. Motion to Appoint Counsel

This court must deny Sturdevant's motion for appointment of counsel without prejudice.

█ Indigent civil litigants have no absolute constitutional or statutory right to be represented by counsel in federal court. *McKeever v. Israel,* 689 F.2d 1315, 1318 (7th Cir.1982). This court has discretion to request an attorney to represent an indigent civil litigant pursuant to 28 U.S.C. § 1915(d). *Childs v. Duckworth,* 705 F.2d 915, 922 (7th Cir.1983). However, this court has no access to funds to compensate attorneys for such representation. This court therefore appoints counsel under § 1915(d) only in the rare case where the failure to appoint counsel would be so fundamentally unfair that the petitioner's due process rights would be violated. *McNeil v. Lowney,* 831 F.2d 1368, 1371 (7th Cir.), *cert. denied,* 485 U.S. 965, 108 S.Ct. 1236, 99 L.Ed.2d 435 (1987).

█ Before this court may even consider requesting an attorney to accept appointment under § 1915(d), it must first determine whether the petitioner has made a reasonable but unsuccessful effort to retain counsel or whether the petitioner was effectively precluded from making such ef-

forts. *Jackson v. County of McLean*, 953 F.2d 1070, 1073 (7th Cir.1992). If the petitioner has made no effort to secure counsel, the motion must ordinarily be denied outright. *Id.*

The petitioner must take the following steps to demonstrate that he has made a reasonable but unsuccessful effort to secure counsel. First, the petitioner must contact at least three attorneys to request representation in the matter. Second, the petitioner must file with this court and serve upon opposing counsel a motion for appointment of counsel as well as a statement indicating: (1) the names of all attorneys from whom the petitioner has sought representation in the matter, (2) the dates of the petitioner's communications with these attorneys, and (3) whether any of the attorneys were willing to represent the petitioner in the matter. Because Sturdevant has not indicated that he has made any attempt to secure counsel, his motion for appointment of counsel must be denied.

If Sturdevant does satisfactorily demonstrate that he has made a reasonable effort to secure counsel, this court will then consider five additional factors in deciding whether to request counsel to represent him without payment: (1) the merits of the petitioner's claim for relief; (2) the petitioner's ability to investigate crucial facts without counsel; (3) whether the evidence in the case consists largely of conflicting testimony and could therefore only be treated effectively by skilled counsel; (4) the petitioner's ability to present the case; and (5) the complexity of the legal issues raised by the petitioner's complaint. *Id.* at 1072 (citing *Maclin v. Freake*, 650 F.2d 885, 888 (7th Cir.1981)).

Accordingly, if Sturdevant files a renewed motion for appointment of counsel he must include a statement (1) demonstrating what efforts he has made to secure counsel, and (2) specifically addressing the five factors listed above.

This court also reminds Sturdevant that he must serve upon all counsel of record copies of any documents that he files with this court.

IT IS THEREFORE ORDERED that this court ADOPTS Magistrate Judge Aaron E. Goodstein's February 8, 1991 recommendation and the defendants' motion to dismiss is DENIED.

IT IS FURTHER ORDERED that plaintiff Norbert Sturdevant's motions to amend his complaint are DENIED.

IT IS FURTHER ORDERED that plaintiff Norbert Sturdevant's motion for appointment of counsel is DENIED WITHOUT PREJUDICE.

IT IS FURTHER ORDERED that the caption of this case be amended such that all references to "Marianne Cook" be changed to "Marianne Cooke."