John A. CASTEEL, a/k/a Tayr Kilaab al Ghashiyah
(Khan), Plaintiff-Appellant,†

v.

Darrel KOLB, Thomas Borgen, Thomas Bornick, Lynn
Oestreich, Ronald Giannoni and Jane Doe 1 & 2,
Defendants-Respondents.

Court of Appeals

*No. 92–0519. Submitted on briefs June 24, 1992.—Decided
April 22, 1993.*

(Also reported in 500 N.W.2d 400.)

†Petition to review denied.

441

For the plaintiff-appellant the cause was submitted on the briefs of *John A. Casteel*, pro se, Waupun.

For the defendants-respondents the cause was submitted on the brief of *James E. Doyle*, attorney general, and *Joanne F. Kloppenburg*, assistant attorney general.

Before Eich, C.J., Dykman and Sundby, JJ.

EICH, C.J.   John Casteel, a/k/a Tayr Kilaab al Ghashiyah (Kahn), an inmate at the Waupun Correctional Institution and a frequent litigator in this court, appeals from an order dismissing his action against several prison officers and employees. He sued under a variety of federal and state statutes, seeking declaratory, injunctive and monetary relief for alleged violations of his due process rights and of state law.

The issues are: (1) whether Casteel's claims under 42 U.S.C., sec. 1983, were properly dismissed because

he had meaningful state remedies available to review the alleged violations; (2) whether his several state law claims were properly dismissed for his failure to allege exhaustion of applicable administrative remedies; and (3) whether the trial court properly dismissed Casteel's constitutional challenge to Wis. Adm. Code sec. DOC 303, the chapter governing the conduct of prison disciplinary hearings. We affirm the trial court in all respects.

Casteel was the subject of many prison disciplinary proceedings throughout the years of his incarceration, and his claims against the defendants are based upon their participation in nineteen such proceedings. The trial court dismissed all of Casteel's claims it considered to have been raised under 42 U.S.C., sec. 1983,[1] on grounds that he had failed to exhaust his state administrative remedies before bringing the action. The court then permitted Casteel to recast his complaint as a petition for *certiorari* review of the nineteen disciplinary proceedings. The petition was eventually dismissed because all of the hearings and decisions occurred more than six months prior to the date of Casteel's original complaint. Casteel, appearing *pro se* on this appeal, challenges each of the court's rulings.

## I. *The Federal Claims Under 42 U.S.C., Sec. 1983*

The allegations in Casteel's complaint(s) which the attorney general interprets as purporting to raise claims under the federal civil rights act are that: (1)

---

[1] While neither Casteel's original nor amended complaints specifically mentioned 42 U.S.C., sec. 1983, we agree with the attorney general that it appears from his allegations in both documents that most of his claims concern alleged violations of his due process rights.

insufficient evidence was presented at the various hearings; (2) the various decisionmakers failed to adequately state the evidence relied on and the reasons for their decisions; (3) he was denied a "judicial hearing" and thus had no opportunity to refute the allegations in the conduct reports giving rise to the proceedings; (4) the evidence against him was unreasonably withheld; (5) he was unable to present witnesses in his defense; and (6) he was not provided with a Spanish translation of the prison rules.

■■■

There is no question that prisoners subjected to disciplinary proceedings have a liberty interest at stake that is entitled to the minimum due process protections discussed in *Wolff v. McDonnell*, 418 U.S. 539, 563-67 (1974), including notice of the charges, a limited right to present evidence and a written statement of the evidence on which the hearing committee relied and the reasons for the decision. *Cain v. Lane*, 857 F.2d 1139, 1145 (7th Cir. 1988).

The State of Wisconsin has codified those protections, and added others, in the administrative code. It follows that if prison officials ignore or violate the rules incorporating the *Wolff* mandates, their conduct would violate the prisoner's constitutional rights.[2] If, however, the officers' actions were "random" and "unauthorized," the violation will not give rise to a claim under 42 U.S.C., sec. 1983, unless the state has

---

[2] If the prison officers violate other, "non-*Wolff*" rules, they may have violated state law, but the prisoner would have no constitutional claim because a state-created procedural right is not itself a liberty interest within the meaning of the fourteenth amendment. *Duenas v. Nagle*, 765 F. Supp. 1393, 1397 (W.D. Wis. 1991), citing *Shango v. Jurich*, 681 F.2d 1091, 1097-98 (7th Cir. 1982).

failed to provide the prisoner with an adequate postdeprivation remedy for the breach. *Zinermon v. Burch*, 494 U.S. 113, 132 (1990). This is so because:

> Section 1983 must be preserved to remedy only those deprivations which . . . result from a *state's* conscious decision to ignore the protections guaranteed by the Constitution. It should not be employed to remedy deprivations which occur at the hands of a state employee who is acting in direct contravention of the state's established . . . procedures which have been designed to guarantee the very protections which the *employee* now has chosen to ignore. *Easter House v. Felder*, 910 F.2d 1387, 1404 (7th Cir. 1990), *cert. denied*, 112 L. Ed.2d 846 (1991) (emphasis in original).

As we have noted, the factual allegations of Casteel's original complaint charge the defendants with violation of the *Wolff* procedural due process safeguards, among others. He alleges that the defendants "in bad faith and with reckless disregard and in derogation of their duties" "acted under the color of law." His amended complaint for *certiorari* repeats the allegations.

In *Duenas v. Nagle*, 765 F. Supp. 1393 (W.D. Wis. 1991), the inmate brought a sec. 1983 action against several prison officials, alleging various violations of his due process rights in connection with prison disciplinary proceedings. Specifically, he alleged that the defendants who served on the committees failed to provide him written statements of the evidence relied on and statements of the reasons underlying their decisions, that he did not receive notice of the charges, and that he was not allowed to call witnesses in his behalf. *Id.* at 1396.

Relying on *Easter House*, the *Duenas* court characterized the plaintiff's case as one "in which state officials fail[ed] to comply with state regulations they are charged with implementing" and concluded:

> As in *Easter House*, the state could not have anticipated that prison officials whose duties were narrowly defined would act in "direct contravention" of those established duties that the state set up to guarantee constitutional protection to plaintiff. The state had no realistic opportunity to learn of the repeated deprivations of plaintiff's liberty until plaintiff utilized the inmate complaint review system . . . . I conclude that defendants' noncompliance with established state procedures can only be characterized as random and unauthorized conduct. 765 F. Supp. at 1398.

We apply that reasoning here and reach a similar conclusion. If Casteel had a "meaningful" postdeprivation process available to him, he lacks a remedy under the fourteenth amendment. *Hudson v. Palmer*, 468 U.S. 517, 533 (1984). And the postdeprivation remedies provided by the state will not be considered inadequate even if they fail to provide all the relief which may have been available had the plaintiff proceeded under sec. 1983. *Enright v. Board of School Directors*, 118 Wis. 2d 236, 256, 346 N.W.2d 771, 781 (1984), *cert. denied*, 469 U.S. 966 (1984), citing *Parratt v. Taylor*, 451 U.S. 527, 544 (1981), *overruled by Daniels v. Williams*, 474 U.S. 327 (1986).

We are satisfied that the state *certiorari* proceedings available to inmates for review of prison disciplinary proceedings are both suitable and meaningful under the cases just discussed. In those

proceedings, judicial review includes determination of whether the committee followed its own rules governing the conduct of its hearings. *State ex rel. Meeks v. Gagnon*, 95 Wis. 2d 115, 119, 289 N.W.2d 357, 361 (Ct. App. 1980). We conclude, therefore, that the trial court did not err when it dismissed Casteel's claims under 42 U.S.C., sec. 1983.

## II.   Casteel's State-Law Claims

As just noted, whether the disciplinary proceedings were convened and conducted in accord with state law is reviewable by *certiorari*. *See State ex rel. Irby v. Israel*, 95 Wis. 2d 697, 702-03, 291 N.W.2d 643, 646 (Ct. App. 1980). And when the trial court gave Casteel leave to amend his complaint to recast his factual allegations into a petition for *certiorari* review of the nineteen disciplinary decisions, it warned him that it could not consider any such claims based on hearings and decisions that were conducted more than six months prior to the filing of his original complaint. Because none of his claims met the six-month rule, the trial court properly dismissed them. *State ex rel. Czapiewski v. Milwaukee Civil Serv. Comm'n*, 54 Wis. 2d 535, 538, 196 N.W.2d 742, 743 (1972).

Casteel also contends that Wis. Adm. Code ch. DOC 303, governing the prison disciplinary process, is unconstitutional. But under sec. 227.40(1), Stats., "the *exclusive*[3] means of judicial review of the validity of a rule shall be an action for declaratory judgment," naming the party responsible for the rule as the defendant.

---

[3] Section 227.40(1), Stats., allows for some exceptions, but none are relevant here.

Casteel did not avail himself of this procedure; indeed, he has not even alleged that any single rule in the lengthy chapter is invalid.

■

Casteel maintains that sec. 302.02(1), Stats., entitles inmates to a "judicial trial" before any discipline may be imposed on them. The statute[4] does not provide such a right; "[i]t merely affects whatever geographical factors are pertinent to discipline and judicial proceedings." *Irby v. Young*, 139 Wis. 2d 279, 282, 407 N.W.2d 314, 316 (Ct. App. 1987).[5]

■

Finally, we agree with the state that Casteel's argument that the disciplinary process violates the constitutional provisions prohibiting bills of attainder is without merit. A bill of attainder is, in simplest terms, a legislative act that determines guilt and inflicts punishment without a judicial trial. *State ex rel. Groppi v. Leslie*, 44 Wis. 2d 282, 299, 171 N.W.2d 192,

---

[4] Section 302.02(1), Stats., provides:

> For all purposes of discipline and for judicial proceedings, the Waupun correctional institution and the precincts thereof shall be deemed to be in Dodge County, and the courts of that county shall have jurisdiction of all crimes committed within the county. Every activity conducted under the jurisdiction of and by the institution, wherever located, is a precinct of the prison and each precinct is part of the institution.

[5] Nor does sec. 946.73, Stats., which makes violation of any law or rule governing various state institutions, including "penal institution[s]," a misdemeanor, require a court trial before a disciplinary sanction may be imposed. Casteel is correct in asserting that he can be charged with a crime for some of the offenses listed in the administrative code; and if he were, he would, obviously, be entitled to a trial. But that fact does not entitle him to a court trial for the disciplinary effects of the rule violation.

198 (1969). Casteel has already been sentenced; and the provisions of Wis. Adm. Code ch. DOC 303, which impose disciplinary sanctions for prison rule violations, simply are not within the constitutional prohibitions against bills of attainder. Even at its most severe, the disciplinary process cannot extend a sentence imposed by the court.

*By the Court.*—Orders affirmed.

SUNDBY, J. (*dissenting*). This appeal presents an ironic paradox. Wisconsin Adm. Code ch. DOC 303 was adopted to comply with the mandate of the United States Supreme Court in *Wolff v. McDonnell*, 418 U.S. 539 (1974). The *Wolff* Court made clear that disciplinary proceedings to which inmates are subjected must meet constitutional standards regarding due process: "There is no iron curtain drawn between the Constitution and the prisons of this country." *Id.* at 555-56. If the Department of Health and Social Services had not adopted chapter DOC 303, Casteel would have stated a claim against the respondent corrections officials for violating his fourteenth amendment right to procedural due process. However, under our decision, because chapter DOC 303 exists, respondents may flout the disciplinary procedures provided thereunder without fear of personal liability. This result defies common sense and I dissent from it.

The court's error results from a misapplication of *Parratt v. Taylor*, 451 U.S. 527 (1981), *overruled, Daniels v. Williams*, 474 U.S. 327 (1986) (due process clause not implicated by merely negligent acts by state officials), and *Hudson v. Palmer*, 468 U.S. 517 (1984). In these cases, the Court held that inmates had no right to predeprivation notice and an opportunity to be

heard because there was no way the state could have anticipated the "random and unauthorized" taking of their property. Where that is the situation, an inmate whose property is taken in an "unauthorized action" by the state[1] must depend on his or her common law tort remedy against the correctional official responsible for the taking.

In *Zinermon v. Burch*, 494 U.S. 113 (1990), the Court made clear that when a state official abuses his or her authority, and as a consequence violates a person's right to procedural due process, that official may be subject to liability under 42 U.S.C. § 1983. In *Zinermon*, hospital officials had state authority to deprive persons of liberty. Thus, "the Constitution imposed on them the State's concomitant duty to see that no deprivation occurs without adequate procedural protections." *Zinermon*, 494 U.S. at 135. The Court said that the hospital officials' conduct was not "unauthorized" in the sense the term was used in *Parratt* and *Hudson*. *Id.* at 138. The Court said: "The deprivation here is 'unauthorized' only in the sense that it was not an act sanctioned by state law, but, instead, was a 'depriv[ation] of constitutional rights . . . by an official's abuse of his position.' " *Id.* (quoting *Monroe v. Pape*, 365 U.S. 167, 172 (1961), *overruled on other grounds, Monell v. Department of Social Services*, 436 U.S. 658 (1978)).

The proper result in this case can be easily understood if one concentrates on the Constitution and not the administrative code. After all, chapter DOC 303 simply expresses the commands of the Constitution. If a prison official ignores chapter DOC 303, he or she does not escape personal liability under sec. 1983. It

---

[1] I use "state" generically to include all governmental units, agencies and officials who act under color of law.

must be remembered that sec. 1983 provides: "Every *person* who, under color of any statute, ordinance, regulation, custom or usage . . . subjects, or causes to be subjected, any . . . person . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress. . . ." (Emphasis added.) A corrections official who deprives an inmate of the process due under *Wolff* deprives the inmate of a right secured by the constitution, *irrespective of chapter DOC 303.* It defies common sense to conclude that a corrections official can gain immunity from liability under sec. 1983 by ignoring the very laws enacted to insure inmates' due process rights.

Respondents argue that in any event, Casteel does not state a claim cognizable under sec. 1983 because he has an adequate postdeprivation remedy in certiorari to review the corrections officials' violations of chapter DOC 303. Respondents' argument fails for several reasons. First, an adequate postdeprivation remedy satisfies the fourteenth amendment only if a predeprivation remedy is not practicable. In *Zinermon,* the court said:

> This is where the *Parratt* rule comes into play. *Parratt* and *Hudson* represent a special case of the general *Mathews v. Eldridge* analysis, in which postdeprivation tort remedies are all the process that is due, simply because they are the only remedies the State could be expected to provide.

494 U.S. at 128. *Mathews v. Eldridge,* 424 U.S. 319, 355 (1976), prescribes a weighing process which determines what procedural protections the Constitution requires in a particular case. *See Lewis v. Young,* 162 Wis. 2d 574, 583, 470 N.W.2d 328, 332 (Ct. App. 1991)

452

(Sundby, J., dissenting). We need not undertake a *Mathews* balancing in this case because the United States Supreme Court has already done the balancing in *Wolff*. In response to that balancing, the Court prescribed what process is due an inmate in a disciplinary proceeding. That process includes notice and a predeprivation hearing. Therefore, a postdeprivation remedy does not satisfy the command of the fourteenth amendment.

Even if a postdeprivation remedy was all the process due Casteel, I would nonetheless conclude that certiorari is not an adequate remedy. The defects of certiorari as a remedy for deprivation of constitutional rights are manifold. First, issuance of the writ is discretionary with the court, unless certiorari is prescribed by statute as the method of appeal.[2] *State ex rel. Park Plaza Shopping Ctr., Inc. v. O'Malley*, 59 Wis. 2d 217, 219, 207 N.W.2d 622, 623 (1973). Before a court will grant a writ of certiorari, it must appear that not only has some error been committed, but that the error has caused substantial harm. *State ex rel. Hippler v. City of Baraboo*, 47 Wis. 2d 603, 609, 178 N.W.2d 1, 6 (1970). The argument may well be made that, in the absence of some special damage, mere vindication of a constitutional right does not constitute "substantial harm." Second, certiorari has a very limited period of limitation of six months. *Firemen's Annuity and Benefit Fund v. Krueger*, 24 Wis. 2d 200, 205, 128 N.W.2d 670, 673 (1964). The United States Supreme Court could well

---

[2] Section 227.03(4), Stats., provides that the provisions of chapter 227 relating to contested cases do not apply to prison disciplinary proceedings. However, the statute does not prescribe certiorari as the method of appeal from a prison disciplinary determination. Thus, the remedy is common law certiorari.

conclude that this period of limitation unconstitutionally circumscribes sec. 1983. Third, court review under common law certiorari is limited to a review of matters appearing in the petition for the writ and the return. *Berschens v. Town of Prairie du Sac*, 76 Wis. 2d 115, 118-19, 250 N.W.2d 369, 372 (1977). Many civil rights actions are complicated and require development of a full record. Fourth, the scope of review on certiorari is quite limited. *Coleman v. Percy*, 96 Wis. 2d 578, 588-89, 292 N.W.2d 615, 621 (1980). Fifth, the remedies available on certiorari are limited. Damages may not be awarded. *Coleman v. Percy*, 86 Wis. 2d 336, 341, 272 N.W.2d 118, 121 (Ct. App. 1978), *aff'd*, 96 Wis. 2d 578, 292 N.W.2d 615 (1980). "No court could make whole a damaged party to a contract through certiorari." *Id.* Likewise, no court could make whole through certiorari a party who has been damaged by an abridgement of his or her constitutional rights. A party whose right to procedural due process has been violated is entitled to at least nominal damages. *Carey v. Piphus*, 435 U.S. 247, 266 (1978). Prospective relief is not available on certiorari review. Finally, attorney fees are not available on certiorari. The availability of attorney fees may act as a deterrent to arbitrary and capricious action by public officials. *Id.* at 257 n.11.

In *Duenas v. Nagle*, 765 F. Supp. 1393 (W.D. Wis. 1991), the United States District Court for the Western District of Wisconsin concluded that the state had provided the inmate with adequate postdeprivation remedies, through the inmate complaint review system, and through certiorari. 765 F. Supp. at 1400. The court concluded that although the prisoner could not recover damages, this did not make the remedy inadequate.

Courts in the Eastern District of Wisconsin have taken the opposite view. In *Sturdevant v. Haferman*, 798 F. Supp. 536 (E.D. Wis. 1992), the court concluded that even under a deferential standard, "the Wisconsin writ of certiorari is a constitutionally inadequate post-deprivation remedy for Sturdevant's alleged constitutional harm." 798 F. Supp. at 540. In *Smith v. McCaughtry*, 801 F. Supp. 239 (E.D. Wis. 1992), Judge Gordon concluded that even if the defendant's acts were "random and unauthorized," they could not escape liability under sec. 1983 because the claimed remedy of certiorari was inadequate. 801 F. Supp. at 243-44. Judge Gordon agreed with Judge Reynolds' determination in *Sturdevant* that the state law certiorari remedy was inadequate under *Parratt* and *Hudson. Id.* at 244.

The conclusion of the court herein that certiorari is an adequate postdeprivation remedy is especially troubling for two additional reasons. First, the majority does not limit that holding to an alleged deprivation of procedural due process. Thus, the availability of certiorari would preclude a sec. 1983 action brought by a plaintiff for a state official's violation of his or her rights under specific protections defined in the Bill of Rights. Also, the court's decision would extend to the substantive component of the due process clause which bars arbitrary, wrongful government actions "regardless of the fairness of the procedures used to implement them." *Zinermon*, 494 U.S. at 125.

Second, if certiorari is held to be an adequate postdeprivation remedy for a denial of procedural due process, a sec. 1983 action will never lie where public officials ignore or frustrate the use of prescribed notice and hearing procedures. Wherever there is no statutory provision for judicial review, the action of a public

officer, board or commission may be reviewed by certiorari. *State ex rel. Johnson v. Cady*, 50 Wis. 2d 540, 549-50, 185 N.W.2d 306, 311 (1971). Thus, public officials who fail to follow prescribed due process procedures may always shield themselves from personal liability for their lawless acts by pointing to the availability of certiorari. This subverts the constitutional command for predeprivation notice and an opportunity to be heard. *Cleveland Bd. of Educ. v. Loudermill*, 470 U.S. 532 (1985).

For the foregoing reasons, I respectfully dissent.