STATE of Wisconsin EX REL. Ira Lee ANDERSON-EL, II,
Petitioner-Respondent,†

v.

Marianne COOKE, Respondent-Appellant.

Court of Appeals

*No. 98–0715. Submitted on briefs February 1, 1999.—Decided
March 10, 1999.*

(Also reported in 593 N.W.2d 98.)

†Petition to review gramted.

604

On behalf of the respondent-appellant, the cause was submitted on the brief of *James E. Doyle*, attorney general, and *Robert D. Repasky*, assistant attorney general.

On behalf of the petitioner-respondent, the cause was submitted on the brief of *Ira Lee Anderson-El*, II, pro se.

Before Snyder, P.J., Nettesheim and Anderson, JJ.

NETTESHEIM, J.   Marianne Cooke, the warden of the Kettle Morraine Correctional Institution (KM CI), appeals from an order of the circuit court vacating two disciplinary decisions against Ira Lee Anderson-El, II, an inmate at KMCI. The circuit court vacated the disciplinary decisions against Anderson-El because the department of corrections (the Department) did not provide him with written notice of the hearings pursu-

605

ant to WIS. ADM. CODE § DOC 303.81(9). The Department contends that Anderson-El waived his right to object based on lack of notice because he failed to raise the procedural defect either when he appeared at the disciplinary hearings or in his administrative appeals. We agree. Accordingly, we reverse the circuit court's order vacating the disciplinary committee findings.

The facts underlying this appeal are straightforward. On February 19, 1997, Anderson-El was issued an Adult Conduct Report, No. 810289, alleging that on February 17 he had entered another inmate's quarters in violation of institution rules and that he had transferred property without authorization contrary to WIS. ADM. CODE § DOC 303.40. A hearing was held eleven days later on February 28, 1997. Anderson-El appeared with a witness and an advocate. He was found not guilty of entering another inmate's quarters; however, he was found guilty of transferring property. As a result, Anderson-El was denied canteen privileges for a two-week period. His appeal of the decision was denied by the warden on March 6, 1997.

Anderson-El was issued a second Conduct Report, No. 813066, on April 23, 1997. This report charged Anderson-El with group resistance contrary to WIS. ADM. CODE § DOC 303.20. A hearing was held on May 6, 1997, at which Anderson-El appeared with two witnesses. He was found guilty and sentenced to two days in adjustment segregation and thirty days of program segregation. Anderson-El again appealed the decision to the warden who denied his appeal on May 8, 1997.

It is undisputed that Anderson-El did not receive notice of the hearings as required by WIS. ADM. CODE § DOC 303.81(9). It is also undisputed that he never

objected to this lack of notice either at the disciplinary hearings or in his administrative appeals.

On July 23, 1997, Anderson-El filed a petition for writ of certiorari with the circuit court. In his brief, Anderson-El argued that contrary to the supreme court's decision in *Bergmann v. McCaughtry*, 211 Wis. 2d 1, 564 N.W.2d 712 (1997), he had not been afforded notice of the disciplinary proceedings pursuant to WIS. ADM. CODE § DOC 303.81(9). The Department replied that this issue, raised for the first time in Anderson-El's certiorari proceeding in the circuit court, was waived.

On February 6, 1998, the circuit court entered a decision and order granting Anderson-El's request for relief as to the conduct reports at issue in this appeal.[1] Relying on the supreme court's decision in *Bergmann*, the court rejected the Department's waiver argument, finding instead that when the warden "failed to provide the notice required by the administrative code, she acted beyond her authority in this matter." The court then vacated the prison disciplinary findings and expunged Anderson-El's record. The Department appeals.

■ Whether prison disciplinary proceedings were convened and conducted in accord with state law is a matter reviewable by certiorari. *See Casteel v. Kolb*, 176 Wis. 2d 440, 448, 500 N.W.2d 400, 403 (Ct. App. 1993). "On certiorari review, we determine de novo

---

[1] The decision also addressed certain challenges raised by Anderson-El regarding other conduct reports. With respect to those additional arguments, the circuit court vacated one charge in Conduct Report No. 797032 and affirmed a decision of the disciplinary committee relating to Conduct Report No. 813063. Neither of these rulings is at issue in this case.

whether the department acted within its jurisdiction, whether it acted according to applicable law, whether the action was arbitrary or unreasonable, and whether the evidence supported the determination in question." *State ex rel. Riley v. DHSS*, 151 Wis. 2d 618, 623, 445 N.W.2d 693, 694 (Ct. App. 1989). Our judicial review includes a determination as to whether the committee followed its own rules governing the conduct of its hearings. *See Casteel*, 176 Wis. 2d at 448, 500 N.W.2d at 403.

WISCONSIN ADM. CODE § DOC 303.81(9) provides: "The hearing officer shall prepare notice of the hearing and give it to the accused, the advocate (if any), the committee and all witnesses, including the staff member who wrote the conduct report." It is undisputed that Anderson-El did not receive such notice.

The Department first contends that because notice pursuant to WIS. ADM. CODE § DOC 303.81(9) is the second notice afforded to an inmate charged with a major discipline violation, Anderson-El's due process rights were satisfied by the initial notice given in compliance with § DOC 303.76.[2] This argument was rejected by our supreme court in *Bergmann*.

---

[2] WISCONSIN ADM. CODE § DOC 303.76 governs hearing procedures for major violations. As to notice, it provides in relevant part:

(1) NOTICE. When an inmate is alleged to have committed a major violation and the security director or designee has reviewed the conduct report pursuant to s. DOC 303.67, a copy of the approved conduct report shall be given to the inmate within 2 working days after its approval....

. . . .

(3) TIME LIMITS. A due process hearing shall be held no sooner than 2 working days or later than 21 days after the inmate receives a copy of the conduct report and hearing notice. An inmate may waive these time requirements in writing if the security director

In *Bergmann,* it was undisputed that the Department failed to provide Bergmann, an inmate, with written notice of a disciplinary proceeding in compliance with WIS. ADM. CODE § DOC 303.81(9). *See Bergmann,* 211 Wis. 2d at 3, 564 N.W.2d at 713. Although Bergmann received notice of the hearing under § DOC 303.76(3), the supreme court determined that "[t]he text of the regulations requires a second written notice after the written notice under § DOC 303.76 is given." *Bergmann,* 211 Wis. 2d at 8, 564 N.W.2d at 715. Because the Department failed to provide Bergmann with a second notice, the supreme court vacated the prison disciplinary findings. *See id.* at 11, 564 N.W.2d at 716. We reject the Department's argument that Anderson-El's right to a second written notice pursuant to § DOC 303.81(9) was satisfied by the initial notice provided under § DOC 303.76(3).

The Department next contends that Anderson-El waived his objection by failing to raise the issue of notice before the Department at the disciplinary hearing or in his administrative appeal. It is undisputed that Anderson-El did not raise an objection to lack of notice until his claim was before the circuit court.

In support of waiver, the Department relies on our supreme court's decision in *Saenz v. Murphy,* 162 Wis. 2d 54, 469 N.W.2d 611 (1991). There, Saenz, an inmate, contended that the Department denied him his constitutional right to present witnesses at his disciplinary hearing pursuant to WIS. ADM. CODE § DOC 303.81(7). *See Saenz,* 162 Wis. 2d at 57, 469 N.W.2d at 612. Saenz had requested that a certain witness appear at his

agrees to the waiver. The inmate may request additional time to prepare for the hearing, and the security director shall grant the request unless there is a good reason to deny it.

disciplinary hearing. When Saenz arrived at the hearing, he stated that he had not received the requisite notice. Saenz then voluntarily left the hearing room. The hearing continued without Saenz's presence. The committee determined that Saenz had violated the rule in question and imposed a penalty of ten days' cell confinement and sixty days' program segregation. *See id.* at 58, 469 N.W.2d at 613. Saenz appealed the committee's decision to the superintendent of the correctional institution arguing that he had not received notice of the hearing and that he had been denied his right to present a witness. *See id.* Saenz's appeal was denied.

Saenz commenced an action under 42 U.S.C. § 1983 in the circuit court alleging that he had been denied his right to present a witness. *See Saenz,* 162 Wis. 2d at 59, 469 N.W.2d at 613. The circuit court granted a motion for summary judgment in favor of the Department. Saenz appealed the circuit court's decision raising essentially the same arguments. The court of appeals reversed the circuit court, holding that Saenz's constitutional right to call witnesses was violated because the witness Saenz requested was not present at his hearing. *See id.* at 61, 469 N.W.2d at 614. In support, the court noted that the Department had failed to follow its own rule regarding the production of a signed statement from a witness sought by the prisoner. *See id.*

The Department appealed to the supreme court which reversed the court of appeals ruling. The supreme court agreed with the circuit court that Saenz waived his right to call a witness. The court stated:

> In reaching this conclusion, we recognize that *the state has* the burden in prisoner disciplinary proceedings to prove that the prisoner committed

some legally cognizable wrong and *the duty to produce at the prisoner's disciplinary hearing the witnesses requested by the prisoner or their signed, written statements. . . .* However, any error committed by the state was *waived* by Saenz when he walked out of the disciplinary hearing *without objecting* to the absence of [the witness] or his signed, written statement.

*Id.* at 64, 469 N.W.2d at 615–16 (emphasis added).

The supreme court's statement that the State has the duty to produce the prisoner's requested witness or a signed, written statement by such witness was based on WIS. ADM. CODE § DOC 303.81(3)–(4). This case is analogous to *Saenz*. In both cases, the Department failed to comply with its own rules. Both rules deal with a fundamental right: the right to present witnesses in *Saenz*, the right to notice of hearing in this case. If waiver of the former is permitted, it certainly follows that waiver of the latter is also permitted.[3]

The circuit court relied on the *Bergmann* language which stated that "the Department's failure to comply with its own regulations providing a basic procedural right such as notice invalidates the proceedings conducted in the present case." *Bergmann,* 211 Wis. 2d at 9, 564 N.W.2d at 715. *Bergmann,* however, was not a waiver case. Instead, the issue there was whether the second notice was required under the administrative rules. The court went no further than to hold that such notice was required. This case moves a step beyond *Bergmann*. Here, waiver is squarely before us.

---

[3] Although the Department argued waiver under *Saenz v. Murphy,* 162 Wis. 2d 54, 469 N.W.2d 611 (1991), the circuit court's written decision did not expressly address this issue.

Anderson-El appeared at the disciplinary hearing, participated and presented witnesses, but never objected to the Department's failure to provide notice. Therefore, although Anderson-El correctly argues that he was entitled to a second written notice in compliance with WIS. ADM. CODE § DOC 303.81(9), he waived his right to raise lack of notice before the circuit court by failing to raise an objection before the committee. Accordingly, we reverse the circuit court's order vacating the Department's decision.[4]

Finally, Anderson-El filed a request for costs on May 22, 1998, arguing that the Department's appeal is frivolous and was filed in bad faith. In light of our decision in favor of the Department, we deny Anderson-El's request.

*By the Court.*—Order reversed.

---

[4] We note that our holding is consistent with previous holdings of this court on the same issue. *See, e.g., State ex rel. Brooks v. Cooke,* No. 98–0489, unpublished order (Wis. Ct. App. July 1, 1998) (holding that inmate waived objection to lack of notice under WIS. ADM. CODE § DOC 303.81(9) by failing to raise issue at the disciplinary hearing); *State ex rel. Casas v. Smith,* No. 98–0578, unpublished slip op. (Wis. Ct. App. Oct. 8, 1998) (holding that inmate waived right to raise lack of notice by failing to raise the issue before the adjustment committee).

Given our decision, we need not address the Department's further contention that the absence of the second notice did not detract from a fair hearing. *See Sweet v. Berge,* 113 Wis. 2d 61, 67, 334 N.W.2d 559, 562 (Ct. App. 1983). Nor need we address Anderson-El's challenge to the Department's notice under WIS. ADM. CODE § DOC 303.76 raised in his reply brief. *See Sweet,* 113 Wis. 2d at 67, 334 N.W.2d at 562; *see also Swartwout v. Bilsie,* 100 Wis. 2d 342, 346 n.2, 302 N.W.2d 508, 512 (Ct. App. 1981) (we generally will not address issues raised for the first time in a reply brief).

SNYDER, P.J. *(dissenting)*. The circuit court properly rejected the argument that the department of corrections (the Department) is not obligated to follow its own promulgated rules for notifying prisoners of disciplinary hearings. It is the Department that has determined that a second notice is necessary, *see* WIS. ADM. CODE § DOC 303.81(9), in spite of the earlier WIS. ADM. CODE § DOC 303.76 notice to the prisoner. An agency is bound by the procedural regulations which it has promulgated. *See State ex rel. Meeks v. Gagnon,* 95 Wis. 2d 115, 119, 289 N.W.2d 357, 361 (Ct. App. 1980). The supreme court rejected the Department's argument that failing to provide the § DOC 303.81(9) notice is of no consequence because of the § DOC 303.76 notice, *see Bergmann v. McCaughtry,* 211 Wis. 2d 1, 8, 564 N.W.2d 712 715 (1997), and we should reject the Department's argument that a prisoner can waive a procedural notice requirement that the Department has imposed upon itself.[1]

My colleagues conclude that because the *Bergmann* opinion does not address a prisoner's waiver of the WIS. ADM. CODE § DOC 303.81(9) notice by failing to object to the lack at the disciplinary hearing, we are compelled by *Saenz v. Murphy,* 162 Wis. 2d 54, 469 N.W.2d 611 (1991), to accept the viability of waiver and excuse the Department's failure. I disagree.

---

[1] Missing from this discussion is the reason why the Department concluded that a second hearing notice was necessary. The Department's waiver argument suggests that it promulgated an unnecessary notice requirement. The 246-page code, *see* WIS. ADM. CODE ch. DOC 302–350, is already of substantial prominence in the allocation of judicial resources and this court should carefully review any contention that a self-executing procedural rule an agency has imposed upon itself is superfluous.

*Saenz* concerned a Department duty to "produce . . . witnesses *requested* by the prisoner" at a disciplinary hearing. *See Saenz,* 162 Wis. 2d at 64, 469 N.W.2d at 615 (emphasis added). The Department's duty in *Saenz* was reactive and subject to waiver by Saenz. Here, the Department's duty is proactive. Anderson-El need not request that the Department follow its own carefully drafted, implemented, promulgated and then ignored notice rules. The option of following its own rule or repealing an unnecessary rule is with the Department. I respectfully dissent and would affirm.