STATE of Wisconsin EX REL. Ira Lee ANDERSON-EL, II,
Petitioner-Respondent-Petitioner,

v.

Marianne COOKE, Respondent-Appellant.

Supreme Court

*No. 98–0715. Oral argument February 29, 2000.—Decided
May 16, 2000.*

## 2000 WI 40

(Also reported in 610 N.W.2d 821.)

For the petitioner-respondent-petitioner there were briefs by *Donald L. Romundson* and *Godfrey & Kahn, S.C.*, Green Bay, and oral argument by *Donald L. Romundson*.

For the respondent-appellant the cause was argued by *Karla Z. Keckhaver*, assistant attorney general, with whom on the brief was *James E. Doyle*, attorney general.

¶ 1. N. PATRICK CROOKS, J. The Petitioner, Ira Lee Anderson-El, II (Anderson-El), seeks review of a published decision of the court of appeals, *State ex rel. Anderson-El v. Cooke*, 225 Wis. 2d 604, 593 N.W.2d 98 (Ct. App. 1999). The issue in this case is whether the failure of the Department of Corrections (Department) to provide Anderson-El with written notice of the time of his disciplinary proceedings, contrary to Wis. Adm. Code § DOC 303.81(9)(1997–98),[1] invalidates those

---

[1] All subsequent references to the Wisconsin Administrative Code are to the 1997–98 text unless otherwise noted.

**Wisconsin Admin. Code § DOC 303.81(3), (7), and (9)—Due process hearing: witnesses.**

(3) Witnesses requested by the accused who are staff or inmates shall attend the disciplinary hearing unless:

(a) There is a significant risk of bodily harm to the witness if he or she testifies; or

(b) The witness is an inmate who does not want to testify; or

(c) The testimony is irrelevant to the question of guilt or innocence; or

(d) The testimony is merely cumulative of other evidence and would unduly prolong the hearing; or

(e) An inmate witness must be transported to a county jail to testify, in which case the advocate may be required to inter-

proceedings. The circuit court vacated the proceedings on the ground that the Department did not follow its own administrative procedures. The court of appeals reversed, because it found that Anderson-El had waived his right to object to the lack of notice. *Anderson-El*, 225 Wis. 2d at 612.

¶ 2. We reverse the court of appeals. The Department never informed Anderson-El in advance of the date, time, and location of the hearing against him. As we recently stated in *Bergmann v. McCaughtry*, 211 Wis. 2d 1, 8–9, 564 N.W.2d 712 (1997), when the Department does not notify an inmate of the proceedings against him or her, in violation of the Department's own regulations, then those proceedings must be invalidated for failure to provide a fundamental procedural right.

---

view the witness and report on the testimony to the committee in lieu of a personal appearance by the witness.

(7) After determining which witnesses will be called for the accused, the hearing officer shall notify the inmate of the decision in writing and schedule a time for a hearing when all of the following people can be present:

(a) Adjustment committee members;

(b) Advocate, if any;

(c) Officer who wrote the conduct report;

(d) Other witnesses against the accused (if any);

(e) Accused; and

(f) Witnesses for accused (if any).

(9) The hearing officer shall prepare notice of the hearing and give it to the accused, the advocate (if any), the committee and all witnesses, including the staff member who wrote the conduct report.

## I.

¶ 3. Anderson-El is an inmate at the Kettle Moraine Correctional Institution (KMCI). Marianne Cooke is the warden. This case arises from two disciplinary hearings relating to Anderson-El's conduct at KMCI.

¶ 4. On February 19, 1997, Anderson-El was issued Adult Conduct Report Number 810289. The report alleged that Anderson-El entered another inmate's cell, transferred property without authorization, and disobeyed written orders.[2] In doing so, he allegedly violated Wis. Admin. Code §§ DOC 303.24, 303.40, and 303.52. The conduct report shows that upon the security director's review, Anderson-El's conduct required a "major offense" hearing under § DOC 303.76[3] because "[t]he alleged violation created a risk of serious disruption at the institution or in the community." (R. at 6:6.)

¶ 5. The report indicates that a copy of the report was given to Anderson-El on February 19, 1997. Attached to the report was Form DOC–71, which is a notice of major disciplinary hearing rights. The form

---

[2] The staff member who observed Anderson-El's alleged conduct specifically reported that:

> I observed inmate Anderson walking down the short hall and inmate Walker following behind. Anderson entered room 34, which belongs to Walker, the door was left open giving Anderson access into it. (Anderson is housed in room 26). As I approached room 34 I heard Anderson saying loudly "you owe me 10 stamps, you borrowed 5, you still owe me." Walker said, "I'll get them", "you can trust me." Anderson said "It's the principle."

(R. at 1:10.)

[3] Wisconsin Admin. Code § DOC 303.76(1) requires that an inmate receive a written notice of charges to be included with a copy of the conduct report.

states, in part, that "[t]he Hearing Officer or designee will notify you and your staff advocate of the date, time and place of the hearing." (R. at 6:8.) It also states that "[t]he hearing shall be held not sooner than 2 days and not more than 21 days after the date you were given a copy of the above-referenced conduct report." (R. at 6:8.)

¶ 6. Form DOC–71 includes a section entitled, "Waiver of Formal Due Process (Major) Hearing." That section notifies an offender that he or she has certain rights that attend a formal due process hearing. An inmate may indicate on the form that he or she waives those rights.[4] Anderson-El did not waive any of his rights, including his right to notice and a hearing within the time limits after the copy of the conduct report was provided.

¶ 7. Wisconsin Admin. Code § DOC 303.81(9) states that a hearing officer must prepare a second notice of the hearing to be given to the alleged offender, as well as the staff advocate, the disciplinary commit-

---

[4] Form DOC–71 lists the rights an accused has in a formal due process hearing. The form first notifies an accused of the charge and possible consequences and punishments involved. An accused also has the right to respond to the allegations, to appear at the disciplinary hearing, and to be represented by a staff advocate. At a hearing, an accused may question adverse witnesses and present evidence. A hearing officer must notify an accused of the date, time, and place of the hearing, but an accused may waive the time limits for the hearing. An accused may further waive his or her rights to a formal due process hearing. Further, a hearing may be conducted without the presence of the accused if he or she refuses to attend the hearing. Finally, the form notifies an accused that he or she may appeal the disciplinary decision within ten days to the warden or superintendent. (App. at 125–26.) *See* attached copy of a Form DOC–71 given to Anderson-El.

tee, and any witnesses. The second notice must include information in regard to the time of the hearing. *See* Wis. Admin. Code §§ DOC 303.76(3), 303.81(7)–(9). Most significantly, Anderson-El was never given this second written notice. The record does not indicate whether Anderson-El conferred with any potential witnesses or the staff advocate who was supposed to represent him.

¶ 8. The hearing took place on February 27, 1997, which was within the required two-day to 21-day time limit. As to the allegations of entering another inmate's quarters and of disobeying written orders, Anderson-El was found not guilty. However, he was found guilty of unauthorized transfer of property. For that violation, he lost two weeks of canteen privileges. According to the disciplinary hearing report, the hearing in total took approximately 13 minutes.

¶ 9. Anderson-El then appealed the decision to the warden. The warden affirmed the decision on March 6, 1997.

¶ 10. On April 23, 1997, Anderson-El was issued Adult Conduct Report Number 813066, which charged him with group resistance, in violation of Wis. Admin. Code § DOC 303.20.[5] The report indicated that the hearing would be conducted as a major disciplinary proceeding. The notice of hearing rights form was attached to the conduct report pursuant to Wis. Admin.

---

[5] The conduct report pertained to two incidents occurring on separate occasions. It reported that Anderson-El made the following statements: " 'We are getting control here. These guys. . .here know what pay back means. We will soon have total power, not Sgt. Doying.' " Anderson-El was also allegedly heard to say, "The youngsters are learning to do as we say; they are learning the G.D. ways. These punks already owe me. They better pay up or there's a price to pay." (R. at 6:22.)

Code § DOC 303.76. Anderson-El did not waive his rights to a formal due process hearing, but again, a second written notice of the hearing was not sent to him.[6]

¶ 11. Anderson-El was confined in temporary lock-up (TLU) on April 23, 1997. He stayed in TLU until he went to his hearing.

¶ 12. The hearing was held on May 6, 1997, within the two-day to 21-day time limit. Anderson-El was taken directly to the hearing from the TLU. This time, a staff advocate and two requested witnesses attended the hearing. The witnesses also were permitted to testify. However, it appears that Anderson-El did not talk to the witnesses prior to the hearing. The disciplinary committee found Anderson-El guilty and sentenced him to two days of adjustment segregation and 30 days of program segregation. Again, Anderson-El appealed the decision, and the warden affirmed.

¶ 13. Anderson-El filed a pro se petition for writ of certiorari in the Sheboygan County Circuit Court. The circuit court, the Honorable John B. Murphy presiding, reversed the prison disciplinary committee's decision with respect to the two conduct reports at issue in this case.[7] On appeal, the warden argued that Anderson-El waived his right to object to the lack of appropriate notice because he did not object at the administrative level. The circuit court responded that according to *Bergmann*, 211 Wis. 2d at 14, disciplinary hearings are invalid when the Department does not

---

[6] We note that as to both conduct reports, Anderson-El did not object to the lack of a second notice at either the disciplinary hearing level or the administrative appeals level.

[7] The circuit court also reviewed other conduct reports. However, the disposition of those disciplinary cases is not the subject of this appeal, and as such, will not be discussed here.

follow its own regulations. The court agreed with Anderson-El that because the warden failed to comply with her own regulations relating to notice, "she acted beyond her authority in this matter." (R. at 14:7.) The court therefore vacated the prison disciplinary committee's findings.

¶ 14. The Department appealed. The court of appeals reversed, holding that *Bergmann* is not controlling precedent in this case. *Anderson-El*, 225 Wis. 2d at 611. The court first rejected the Department's contention that the initial notice satisfied Anderson-El's due process rights. *Id.* at 608–09 (citing *Bergmann*, 211 Wis. 2d at 3). However, the court agreed with the Department that Anderson-El waived his objection to the lack of notice according to *Saenz v. Murphy*, 162 Wis. 2d 54, 469 N.W.2d 611 (1991). In *Saenz*, an inmate brought a 42 U.S.C. § 1983 action, claiming that he had been denied the right to present a witness at his disciplinary hearing. 162 Wis. 2d at 59. This court concluded that Saenz had waived his right to call a witness because Saenz "walked out of the disciplinary hearing *without objecting* to the absence of [the witness] or his signed, written statement." *Id.* at 64 (emphasis added). The court analogized the *Saenz* ruling to this case and concluded that Anderson-El waived his objection because he did not object at the disciplinary hearings. *Anderson-El*, 225 Wis. 2d at 611. The court reversed the circuit court and reinstated the discipline.[8]

---

[8] Judge Snyder dissented. He would have affirmed the circuit court, finding that *Bergmann* was controlling precedent. *State ex rel. Anderson-El v. Cooke*, 225 Wis. 2d 604, 613–14, 593 N.W.2d 98 (Ct. App. 1999)(Snyder, J., dissenting). He also disagreed with the majority's analysis of the waiver issue and differentiated *Saenz* on the basis that the "Department's duty in

## II.

¶ 15. We first address the issue of whether the Department's failure to provide Anderson-El with a second written notice of his disciplinary proceedings invalidates those proceedings. We review the Department's actions *de novo*, examining "whether the [D]epartment acted within its jurisdiction, whether it acted according to applicable law, whether the action was arbitrary or unreasonable, and whether the evidence supported the determination in question." *State ex rel. Riley v. Department of Health & Soc. Serv.*, 151 Wis. 2d 618, 623, 445 N.W.2d 693 (Ct. App. 1989). *See also ABKA Ltd. V. Fontana-On-Geneva Lake*, 231 Wis. 2d 328, 334, 603 N.W.2d 217 (1999) (applying the certiorari standard of review to a board's decision).

¶ 16. We conclude that when the Department did not provide the second written notice of the disciplinary hearing, in violation of its own regulation, the proceedings against Anderson-El were invalidated for failure to provide a fundamental procedural right. We base our conclusion on the firmly established rule that governmental entities must be "bound by the regulations which [they themselves] ha[ve] promulgated." *Vitarelli v. Seaton*, 359 U.S. 535, 540 (1959).

¶ 17. Wisconsin courts also insist that an agency abide by its own rules. *Meeks v. Gagnon*, 95 Wis. 2d 115, 119, 289 N.W.2d 357 (Ct. App. 1980) (stating that

*Saenz* was reactive and subject to waiver. . . ." *Id.* at 614. Here, Snyder argued, the Department had a "proactive" duty to provide Anderson-El with notice. *Id.* As such, Anderson-El could not waive his objection to the lack of notice. *Id.*

"[j]udicial review also looks to whether the commission has followed its own rules governing the conduct of its hearings, for an agency is bound by the procedural regulations which it itself has promulgated" (quoting *Vitarelli*, 359 U.S. at 539–40)). *State ex rel. Jones v. Franklin*, 151 Wis. 2d 419, 423, 444 N.W.2d 738 (Ct. App. 1989), cited the law as stated in *Meeks*, and added that when an agency does not follow its own procedural rules, the agency "acts beyond its authority." In *Jones*, the court of appeals found that the Department's proceedings were invalid when it violated sec. HSS 303.76(3) by not holding a disciplinary hearing within 21 days of the issuance of a conduct report. *Id.*

¶ 18.　The facts in *Bergmann* are almost identical to the facts in this case. In *Bergmann*, the Department also failed to provide the accused inmate with the second written notice of a disciplinary hearing under Wis. Admin. Code § DOC 303.81. 211 Wis. 2d at 3. The only difference between the facts of that case and this one is that Bergmann did not attend the hearing. *Id.* at 5. This court held that the Department's failure to follow its own rules regarding notice invalidated the proceedings. *Id.* at 9. Specifically, the proceedings were invalidated because of "the Department's failure to comply with its own regulations providing a basic procedural right such as notice. . . ." *Id.*

¶ 19.　When an inmate is accused of a "major violation" requiring a formal hearing, the accused must receive two written notices according to DOC regulations. The first notice, required by Wis. Admin. Code § DOC 303.76(1), is attached to the conduct report and "inform[s] him [or her] of the charges. . .to enable him [or her] to marshal the facts and prepare the defense." § DOC 303.76 Appendix (complying with *Wolff v. McDonnell*, 418 U.S. 539, 564 (1974)). The second

notice, required by Wis. Admin. Code § DOC 303.81, requires a hearing officer to notify the accused of the time of the hearing.[9] § DOC 303.81 Appendix.

¶ 20. In this case, the parties do not dispute that Anderson-El received the first written notice of his hearing as required by Wis. Admin. Code § DOC 303.76. The parties also do not dispute that the Department did not provide Anderson-El with his second written notice, in violation of Wis. Admin. Code § DOC 303.81(9). Very simply, the Department did not comply with its own notice requirement under § DOC 303.81. Because it failed to abide by its own regulations, the proceedings are rendered invalid.

¶ 21. Moreover, it is not harmless error for an agency to disobey its procedural regulations. The state contends that "[t]he purpose of the second notice under Wis. Admin. Code § DOC 303.81(9) was fulfilled even though the [D]epartment did not strictly comply with the procedural directive." (Resp. Br. at 14.) This is

---

[9] In *Bergmann v. McCaughtry*, 211 Wis. 2d 1, 8–9, 564 N.W.2d 712 (1997), we concluded that a second written notice is required after the initial notice under § DOC 303.76(1) is given. We based our conclusion on an analysis of three DOC Code provisions. Under § DOC 303.76(3), an inmate must receive a due process hearing between two and 21 working days after he or she receives the initial conduct report and notice. Section DO C 303.81(7) requires a hearing officer to notify the inmate of the decision and schedule a hearing. Finally, § DOC 303.81(9) states that the hearing officer must prepare a notice of the hearing to be given to the inmate.

Moreover, in *Bergmann* we explained that Form DOC–71 notifies an inmate of his or her § DOC 303.76 rights. 211 Wis. 2d at 9. The second notice satisfies the § DOC 303.81 requirements. *Id.*

essentially a harmless error argument, similar to arguments the Department has made in other cases wherein the state argues that the error has not substantially affected the inmate's rights. *See, e.g., State ex rel. Riley*, 151 Wis. 2d at 625 (quoting Wis. Adm. Code, sec. HSS 303.87)).

¶ 22. Wisconsin courts have repeatedly rejected this argument. In *Riley*, the court of appeals stated that a disciplinary committee's failure to obtain an informant's statements under oath was not harmless error because the purpose of the oath requirement is " 'to protect the accused,' " and "to promote the 'fair treatment of inmates.' " 151 Wis. 2d at 626 (quoting Wis. Adm. Code, sec. HSS 303.01(3)(e) and sec. HSS 303.86(4)). Therefore, the failure to obtain an oath from the informant substantially affected the accused inmate.

¶ 23. Similarly, in *Jones*, the court of appeals found that the Department's failure to conduct the disciplinary hearing within the proper time limit was not harmless error, because it believed that "the plain language of sec. HSS 303.76(3) precludes application of the harmless error provisions of sec. HSS 303.87 to violations of the hearing time limitations." 151 Wis. 2d at 423. The court emphasized that "[t]he inmate's right to a timely hearing may be waived only by the inmate." *Id.*

¶ 24. In this case, the Department's error was not harmless because the error substantially affected Anderson-El's fundamental right to adequate notice. A prisoner's rights and privileges are diminished compared to other citizens, but a prisoner still must be afforded certain constitutional protections. *Wolff v. McDonnell*, 418 U.S. 539, 555 (1974) (limited on other

grounds by *Sandin v. Conner*, 515 U.S. 472, 484 (1995)). Besides a prisoner's right to religious freedom, right of access to the courts, and protections under the Equal Protection Clause, among others, a prisoner has a right to due process.[10] *Id.* at 556 (citations omitted). In *Wolff*, the United States Supreme Court identified written notice as one of the procedural due process requirements that must be satisfied when a prisoner is facing disciplinary action. *Id.* at 563. We have also reiterated that written notice of a hearing is "a basic procedural right." *Bergmann*, 211 Wis. 2d at 9.

¶ 25. Anderson-El's fundamental right to written notice was substantially affected by the Department's failure to give the second notice for several reasons. We agree with Anderson-El's argument that the "mere fact that the inmate knows his hearing will take place 'somewhere' within the next three weeks does not cure the Department's failure to give written notice of the date, time, and location of the hearing." (Pet. Br. at 27–28.) Visualizing Anderson-El's plight is helpful. Anderson-El was in prison, and for one of the hearings, he was in TLU from the time that he received the first conduct report to the time of the disciplinary hearing. In that capacity, his ability to engage in pre-trial preparation was greatly limited. An inmate does not have

---

[10] A prisoner must be afforded due process before being deprived of life liberty or property. *Wolff v. McDonnell*, 418 U.S. 539, 556 (1974). The Court cautioned, however, that "[p]rison disciplinary proceedings are not part of a criminal prosecution, and the full panoply of rights due a defendant in such proceedings does not apply. . . . [T]here must be mutual accommodation between institutional needs and objectives and the provisions of the Constitution that are of general application." *Id.* (citation omitted).

the flexibility of movement or independence to prepare witnesses and discuss the case with a staff advocate with ease. Viewed in light of Anderson-El's restrictions, it becomes very clear that he would need to know approximately when his hearing would arise so that he could allocate his sparse resources to building a strong case. Therefore, the state's argument that Anderson-El was not substantially affected by the lack of a second written notice must fail.

¶ 26. Finally, we note that our decision today serves an important public policy purpose: it is meant to further both inmates' and the Department's respect for the penal system. If inmates see that their guards, wardens, and administrators abide by the rules, then the inmates will be more likely to respect both the rules and the people who enforce them. Moreover, a system that operates according to the rules is more efficient than one where the rules are followed only sporadically. It would be hypocritical for the prison system to force inmates to "obey the rules" when the officers in charge do not.

■

¶ 27. The second issue we address is whether Anderson-El waived his right to object to the lack of notice on appeal to the circuit court. The Department argues that he did waive his right, and Anderson-El claims that he did not. We agree with Anderson-El. This issue presents a question of law, which we review *de novo*. *In the Interest of B.J.N.*, 162 Wis. 2d 635, 654–55, 469 N.W.2d 845 (1991).

¶ 28. Anderson-El did not object to the Department's failure to provide him with the second notice until he appealed to the circuit court. The circuit court found that Anderson-El did not waive his objection, but the court of appeals concluded that he did based on its

reading of our decision in *Saenz v. Murphy*, 162 Wis. 2d 54, 469 N.W.2d 611 (1991). In *Saenz*, we recognized that "[g]enerally, an issue is waived if it is not raised before the trier of fact." 162 Wis. 2d at 63 (citing *Wirth v. Ehly*, 93 Wis. 2d 433, 443–44, 287 N.W.2d 140 (1980)).

¶ 29. However, we find that the facts of this case present an exception to that general rule. *Wirth* explained that a court may make an exception, and rule on an issue not raised before the trier of fact, when the issue presents a question of law. *Wirth*, 93 Wis. 2d at 443 (superseded by Wis. Stat. § 895.52 on other grounds, *Wilson v. Waukesha County*, 157 Wis. 2d 790, 797, 460 N.W.2d 830 (Ct. App. 1990)). In this case, the facts are undisputed and the issues present a question of law. Moreover, both parties briefed the issue, and it is an issue of sufficient public interest. *Wirth*, 93 Wis. 2d at 444 (quoting *Binder v. Madison*, 72 Wis. 2d 613, 618, 241 N.W.2d 613 (1976)). Therefore, we deem that Anderson-El did not waive his objection, even though he did not raise it during the initial hearing or on review by the warden.[11]

¶ 30. We overrule our holding in *Saenz*, in which we stated that Saenz waived his right to call witnesses

---

[11] In *State ex rel. Terry v. Traeger*, we stated that we "follow a liberal policy in judging the sufficiency of pro se complaints filed by unlettered and indigent prisoners." 60 Wis. 2d 490, 496, 211 N.W.2d 4 (1973). In this case, Anderson-El did not have the benefit of legal counsel at his hearings, or on his initial appeals to the warden and circuit court. While he did use the assistance of a "staff advocate," the advocate is not the equivalent of legal counsel. As such, we follow a liberal policy in judging his failure to object to the lack of a second notice at the administrative level.

at a disciplinary hearing because he did not object during that hearing. *Saenz* involved an inmate's major disciplinary hearing. 162 Wis. 2d at 57. He requested a witness to attend the hearing, but the witness was apparently not available to testify. *Id.* at 58. At the hearing, Saenz claimed that he did not receive notice of the hearing. *Id.* The committee found him guilty, and he appealed. *Id.* On appeal, he claimed that he was denied a witness without being given an explanation why the witness could not attend, in violation of Wis. Admin. Code § DOC 303.81. *Id.* He also claimed that he was not notified properly of the hearing. *Id.* After the decision was affirmed on administrative appeal, Saenz brought a § 1983 action against the disciplinary committee members and the prison superintendent. *Id.* at 59.

¶ 31. This court concluded that under the waiver rule articulated in *Wirth*, Saenz failed to object timely at the disciplinary hearing to his witness's absence. *Saenz*, 162 Wis. 2d at 63. Before he walked out of the hearing, Saenz objected to lack of notice, but not to the absence of his witness. *Id.* When he sought review of the adjustment committee's decision, he raised the issue of the witness's absence: "I was denied the right to have a witness at my hearing without a reason set forth in the record as to why my witness would not be available for testimony which is required by HSS 303.81." *Id.* at 58. In *Wolff*, the United States Supreme Court held that an inmate must be notified of disciplinary charges 24 hours in advance of a hearing. 418 U.S. at 564. As to the right to call witnesses, the Court stated that:

> [the Court would] not be too ready to exercise oversight and put aside the judgment of prison

administrators. It may be that an individual threatened with serious sanctions would normally be entitled to present witnesses and relevant documentary evidence; but here we must balance the inmate's interest in avoiding loss of good time against the needs of the prison, and some amount of flexibility and accommodation is required.

*Id.* at 566. Even so, the Court stated that an inmate "should be allowed to call witnesses and present documentary evidence. . . ." *Id.* Because the right to call witnesses is fundamental to due process, and the issue presented a question of law, like the inmates in *Bergmann* and in this case, Saenz did not waive his objection to the absence of his anticipated witness.[12] In *Saenz*, as here, the Department allegedly did not follow its own regulations.

¶ 32. In sum, Anderson-El did not waive his objection to the lack of a second notice according to the principles set forth in *Wirth*.

### III.

¶ 33. We conclude that when the Department does not provide the second notice required, in violation of the Department's own regulations, then those proceedings must be invalidated for failure to provide a

---

[12] We are not overruling the general rule stated in *Saenz* and in *Wirth* that issues are waived if not raised before a trier of fact, but we find applicable in this case the exception discussed therein. *Saenz v. Murphy*, 162 Wis. 2d 54, 63, 469 N.W.2d 611 (1991) (overruled on other grounds, *Casteel v. Vaade*, 167 Wis. 2d 1, 481 N.W.2d 277 (1992)). The combination of an issue of law being presented and the Department's failure to follow its own regulations is significant in this case and in the overruling of *Saenz*.

fundamental procedural right. The Department in this case acted contrary to our holding in *Bergmann*, which is the applicable law. The result was that the inmate, Anderson-El, was never informed in advance of the date, time, and location of the hearing against him. We further conclude that Anderson-El did not waive his right to object to the lack of notice, even though he did not object at the administrative level. This issue presents a question of law of significance to the state penal system—to inmates and the Department. The Department must follow its own regulations.

*By the Court.*—The decision of the court of appeals is reversed.

DF CORRECTIONS
~~structing~~
97/92)

WISCONSIN
Administrative Code
Chapters DOC 302, 303 & 30 *

### NOTICE Or MAJOR DISCIPLINARY HEARING RIGHTS AND WAIVER OF MAJOR HEARING AND WAIVER OF TIME
#### (For Major or Minor Disciplinary Hearings)

| INMATE NAME | DOC NUMBER | INSTITUTION | CONDUCT REPORT NUMBER |
|---|---|---|---|
| ANDERSON, INA | 155095 | KMCI | 310289 |

**NOTICE OF MAJOR DISCIPLINARY HEARING RIGHTS**

1. You have been accused and charged with a violation(s) of the rules and regulations of the institution which the Administrative Rule DOC 303.68(3) or Security Director has designated as a major offense as stated in the above-referenced Conduct Report given to you on _____, 19_____.

2. You are advised that, if the Adjustment Committee or the Hearing Officer determines you have committed the violation(s) of institution rules and regulations alleged, you may be subject to:
 A. Adjustment Segregation;
 B. Program Segregation;
 C. Loss of Time or Extension of MR Date;
 D. Restitution;
 E. Loss of Other Specified Privileges.

3. You are further advised that, it the Adjustment Committee or Hearing Officer determines you have committed the violation(s) of institution rules and regulations alleged, the following may result:
 A. Recommendation to Program Review Committee for:
 1. Reclassification of Security Rating;
 2. Change of Program Assignment;
 3. Transfer to Another Institution;
 4. Removal from the Work/Study Release Program;
 5. Suspension of Leave;
 B. Change of Housing Assignment;
 C. Suspension of Visiting or Corresponding Privileges;
 D. Consideration as a Basis for Denying You Parole.

4. You are further advised that you have the right to respond to the alleged violation(s) and be heard by the Adjustment Committee or a Hearing Officer at a disciplinary hearing. You have the right to appear at such hearing in your own behalf and also to be represented by your choice of one of the designated staff advocates. At institutions that employ permanent full-time advocates, the warden/superintendent shall assign advocates to offenders. If an offender objects to the assignment of a particular advocate because the advocate has a known and demonstrated conflict of interest in the case, the warden/ superintendent shall assign a different staff member to serve as the offender's advocate.

| NAME OF STAFF ADVOCATE | NAME OF STAFF ADVOCATE | NAME OF STAFF ADVOCATE |
|---|---|---|
| L. BLOCZYINSKI | L. ISERLOTH | |

| NAME OF STAFF ADVOCATE CHOSEN BY OFFENDER (If hearing is not waived) | NAME OF STAFF ADVOCATE APPOINTED/DESIGNATED BY WARDEN/ SUPERINTENDENT BECAUSE INSTITUTION EMPLOYS PERMANENT/ FULL TIME ADVOCATES (If hearing is not waived) |
|---|---|
| L. ISERLOTH | |

If you refuse to participate in said hearing, a staff advocate may be appointed for you and the hearing will be held while you stand mute.

5. At said hearing, you or your staff advocate will have the right to question any adverse witnesses. The Adjustment Committee or Hearing Officer may permit questions or require you or your staff advocate to submit questions to the Adjustment Committee or Hearing Officer to be asked of the Witness. Repetitive, disrespectful and irrelevant questions may be forbidden.

6. At said hearing, you or your staff advocate may present oral, written, documentary, physical evidence and evidence from voluntary eye witnesses. If there are persons who are eye witnesses (institution offender(s) and/or staff) to the alleged violation(s), you may request, in writing, within 2 days of this notice, using form DOC-73 which will be provided to you, *that any one or more of those witnesses be present at said hearing.* You may request no more than 2 witnesses (plus reporting staff member(s)) without good cause. The Hearing Officer may investigate your request to determine if the witnesses should be called. You will be given the Hearing Officer's decision in writing, which will include, if any of the witnesses are rejected, the reason for rejection.

7. The Hearing Officer or designee will notify you and your staff advocate of the date, time and place of the hearing.
 A. The hearing shall be held not sooner than 2 days and not more than 21 days after the date you were given a copy of the above-referenced conduct report.
 B. The hearing should be held not sooner than 72 hours and not more than 14 days after work/study privileges have been suspended.
 C. If you were transferred to a county jail under Administrative Rule 302.20(4) to await your hearing, the hearing shall occur not more than 10 days from the date of the disciplinary report.

(CONTINUED ON REVERSE SIDE)

8

8. You are further advised that you may ~ive the time limits for said hearing and eit~ ~equest immediate determ, disposition of the alleged violation(s) ~ request an extension of the time limits in w~.ch to prepare for the hearing waiver must also be approved by the Security Director.

9. You are further advised that you may, at any time, waive your right to a formal due process (major) disciplinary hearing.

10. You are further advised that, if you waive your right to a formal due process (major) disciplinary hearing, the alleged violation(s) will be disposed of in accordance with DOC 303.75 which includes·

 A. You shall appear before a Hearing Officer or the Adjustment Committee no sooner than 2 working days or no later than 21 days (or 14 days if work / study release termination procedure is involved under Administrative Code 324);

 B. You may present your version of the incident;

 C. The staff member(s) who wrote the Conduct Report does not need to be present;

 D. The Hearing Officer Adjustment Committee may question you and otherwise investigate the case and shall decide your guilt or innocence and decide the punishment to be imposed.

11. You are further advised that you may appeal·(form #DOC-91) the Hearing Officer's or Adjustment Committee's finding of guilt and/or punishment to the Warden/Superintendent within 10 days of the decision.

12. You are further advised that if you refuse to attend the hearing, the hearing may be conducted without you being present.

| I certify that I have read, or had read to me, and fully understand this Notice of Major Disciplinary Hearing Rights. | OFFENDER SIGNATURE _Lolei Anderson 'SPD_ | DATE SIGNED _2-19-97_ |
|---|---|---|
| I certify that the inmate has read, or I have read to him / her, the Notice of Major Disciplinary hearing Rights. ☐ OFFENDER REFUSES TO SIGN NOTICE | STAFF MEMBER SIGNATURE _COII Evans (EVANS)_ | DATE SIGNED _2-19-97_ |

**WAIVER OF FORMAL DUE PROCESS (MAJOR) HEARING:**

NOTICE TO OFFENDER: The Security Director made this hearing procedure a formal due process hearing. You have many rights. DOC may give up all of these rights and have an informal hearing in accordance with DOC 303.76(2).

☐ I READ OR HAD READ TO ME THE NOTICE OF MAJOR (formal due process) DISCIPLINARY HEARING RIGHTS;

☐ I UNDERSTAND WHAT MY RIGHTS ARE;

☐ I UNDERSTAND THAT WHEN I WAIVE MY RIGHTS I WAIVE THE RIGHT TO:
 A STAFF ADVOCATE;
 TO REQUEST WITNESSES;
 OTHER POSSIBLE RIGHTS IN A FORMAL DUE PROCESS HEARING;

☐ I WAIVE MY RIGHT TO A FORMAL DUE PROCESS HEARING (please check other box or boxes):
 ☐ ADMIT I AM GUILTY
 ☐ I DO NOT ADMIT I AM GUILTY

TO BE VALID: Offender must check all boxes and sign this statement. This statement must be witnessed and dated.

**WAIVER OF TIME LIMITS (all Hearings)**

NOTICE TO OFFENDER: A hearing must be held at least 2 days but no more than 7 days after you get this report. You may give up either right. Please check the box that applies.

☐ I WAIVE THE 2 DAY TIME LIMIT AND HAVE NO OBJECTIONS TO A HEARING SOONER; ☐ I WAIVE THE 7 DAY LIMIT

I have checked the appropriate boxes above and my signature means that:

☐ I WAIVE A FORMAL DUE PROCESS (MAJOR) HEARING or ☐ I WAIVE TIME LIMITS or

☐ I WAIVE BOTH FORMAL DUE PROCESS (MAJOR) HEARING AND THE TIME LIMITS

| OFFENDER SIGNATURE | DATE SIGNED | WITNESS SIGNATURE | DATE SIGNED |
|---|---|---|---|
| SECURITY DIRECTOR'S DECISION ☐ APPROVED ☐ NOT APPROVED | | SECURITY DIRECTOR SIGNATURE | DATE SIGNED |

DISTRIBUTION (After Security Director's Decision): Original - Case File; Copy - Offender; Copy - Security Office; Copy - Advocate

