STATE of Wisconsin EX REL. Ira Lee ANDERSON II,
Petitioner-Appellant,†

v.

Jane GAMBLE, Respondent-Respondent.

Court of Appeals

*No. 01–2917. Submitted on briefs March 21, 2002.—Decided
April 17, 2002.*

2002 WI App 131

(Also reported in 647 N.W.2d 402.)

† Petition to review dismissed 6-26-02.

On behalf of the petitioner-appellant, the cause was submitted on the briefs of *Ira Lee Anderson-El II*, pro se.

On behalf of the respondent-respondent, the cause was submitted on the brief of *James E. Doyle*, attorney general, and *John J. Glinski*, assistant attorney general.

Before Nettesheim, P.J., Brown and Snyder, JJ.

¶ 1. BROWN, J. Ira Lee Anderson-El, II (Anderson-El) appeals from an order of the circuit court dismissing his petition for a writ of certiorari arising out of a prison disciplinary action. On appeal, Anderson-El contends that because he did not receive notice of his second hearing from the hearing officer, as required by then Wis. Admin. Code § DOC 303.81(9),[1] he is entitled to a new disciplinary hearing. We hold that Anderson-El's receipt of his second hearing notice from the wrong person does not mandate a new hearing because that agency mistake did not involve a basic, fundamental right. Accordingly, we affirm the order of the circuit court.

¶ 2. In response to a prison conduct report, Anderson-El brought an inmate complaint, which he appealed within the prison system. The procedures of then Wis. Admin. Code §§ DOC 303.64 through 303.84 were evidently complied with, except that Anderson-El received the second written notice of his hearing from

---

[1] Wisconsin Admin. Code § DOC 303.81 was repealed and recreated without subsection 9 effective August 1, 2000.

his advocate rather than from the hearing officer, as required by then Wis. Admin. Code § DOC 303.81(9).[2]

¶ 3. Anderson-El and the State agree that the written notice of the second hearing was deficient under then Wis. Admin. Code § DOC 303.81(9) in that it was signed and provided to Anderson-El by his advocate, rather than by the hearing officer, as required. The State, however, argues that the failure to fully comply with this code provision constituted harmless error. We agree.

¶ 4. Anderson-El argues that *State ex rel. Anderson-El, II v. Cooke*, 2000 WI 40, 234 Wis. 2d 626, 610 N.W.2d 821, and *Bergmann v. McCaughtry*, 211 Wis. 2d 1, 564 N.W.2d 712 (1997), both compel reversal here. We disagree because, unlike the case at bar, each of those cases concerned a basic or fundamental right, namely, the written notice itself.

¶ 5 *Bergmann* concerned the complete failure to provide Bergmann with the second written notice. *See Bergmann*, 211 Wis. 2d at 5–7. Our supreme court held that "[t]his defect in notice of proceedings was never rectified and the Department's failure to comply with its own regulations providing *a basic procedural right such as notice* invalidates the proceedings conducted in the present case." *Id.* at 9 (emphasis added). Similarly, *Anderson-El* involved the failure of the Department to provide the second written notice, a fact that our supreme court called "most significant[]." *Anderson-El*, 2000 WI 40 at ¶ 7. Again, the supreme court held that "when the Department does not notify an inmate of the

[2] Subsection (9) of the provision applicable to this case read as follows: "The hearing officer shall prepare notice of the hearing and give it to the accused, the advocate (if any), the committee and all witnesses, including the staff member who wrote the conduct report." Wis. Admin. Code § DOC 303.81(9).

proceedings against him or her, in violation of the Department's own regulations, then those proceedings must be invalidated for failure to provide *a fundamental procedural right.*" *Id.* at ¶ 2 (emphasis added).

¶ 6. Each of those cases, then, concerned the failure to provide written notice of a hearing, which notice is a procedural due process requirement and a basic procedural right. *See id.* at ¶ 24. The case before us, however, does not involve such a basic, fundamental right. Here, Anderson-El received notice of the hearing; he simply did not get that notice from the correct person.

¶ 7. Anderson-El argues that *Bergmann* and *Anderson-El* impose a blanket rule that a departmental violation of its own regulations invariably invalidates the disciplinary proceedings. We acknowledge that certain language in *Anderson-El* lends some support to such a contention: "Very simply, the Department did not comply with its own notice requirement under § DOC 303.81. Because it failed to abide by its own regulations, the proceedings are rendered invalid." *Anderson-El*, 2000 WI 40 at ¶ 20. Nevertheless, we are unconvinced that the supreme court has, in *Anderson-El*, created the blanket rule that Anderson-El would have us impose here because the court's above statement conditions its application upon the word "notice" and because *Anderson-El* concerned the failure to provide that written notice altogether.

¶ 8. We further acknowledge that *Anderson-El* rejected the State's harmless error argument. *Id.* at ¶¶ 21–22. Yet even that rejection is similarly conditioned: "In this case, the Department's error was not harmless because the error substantially affected Anderson-El's *fundamental right to adequate notice.*" *Id.* at ¶ 24 (emphasis added).

865

¶ 9.   The case at bar does not present a question of whether Anderson-El received written notice; he did. It presents only the question of whether a disciplinary proceeding must be invalidated when that written notice comes from other than the hearing officer, as then specified by Wis. Admin. Code § DOC 303.81(9). We conclude that under *Bergmann* and *Anderson-El*, a violation of such a nonfundamental right does not mandate that the disciplinary proceedings be invalidated. We therefore affirm the order of the circuit court dismissing Anderson-El's petition for a writ of certiorari.

¶ 10.   Having ruled as we have, however, we must express our frustration with the way some employees of the Department continue to ignore the Department's own rules. And, although it would be presumptuous of us to speak for the supreme court, our reading of *Anderson-El* indicates to us that the supreme court is similarly frustrated. Certainly, as is shown in the instant case, many of the failures are harmless. Still, that does not excuse those employees. The laxity evident in some of the Department's employees causes an under-staffed and under funded attorney general's office to spend countless hours defending those employees' actions and wastes precious judicial resources that could be put to better use. Taxpayer dollars are needlessly expended as a result. The Department may respond that human error is unavoidable. We do not buy it. The Department made the rules it did so that its employees could act pursuant to them and the inmates could count on those rules being followed. Maybe it is time for the Department to explain to its employees that continued inattention to unambiguous and clear-cut rules will not be tolerated as simply "human error." Certainly, in the

private sector, inattention to detail is not acceptable. There is no reason why it should be acceptable in the public sector.

*By the Court.*—Order affirmed.