Debra CHRISTIE, Petitioner–
Appellant,

v.

Jodine DEPPISCH, Respondent–
Appellee.

No. 04–3584.

United States Court of Appeals,
Seventh Circuit.

Submitted March 21, 2005.*

Decided March 21, 2005.

Debra Christie, Taycheedah Correctional Institution, Fond du Lac, WI, pro se.

Richard A. Victor, Office of the Attorney General, Madison, WI, for Respondent–Appellee.

Before BAUER, POSNER, and EVANS, Circuit Judges.

ORDER

Wisconsin inmate Debra Christie petitioned for a writ of habeas corpus under 28 U.S.C. § 2254, challenging the adequacy of the notice she received in connection with a number of prison disciplinary proceedings. *See Wolff v. McDonnell,* 418 U.S. 539, 564, 94 S.Ct. 2963, 41 L.Ed.2d 935 (1974); *State ex rel. Anderson–El v. Cooke,* 234 Wis.2d 626, 610 N.W.2d 821, 826 (Wis.2000). The district court found that Christie had failed to exhaust her state remedies. *See O'Sullivan v. Boerckel,* 526 U.S. 838, 845, 119 S.Ct. 1728, 144 L.Ed.2d 1 (1999). She had filed a state-court habeas petition, but it was dismissed because habeas review is not the procedure under Wisconsin law for challenging a disciplinary conviction, *see State ex rel. L'Minggio v. Gamble,* 263 Wis.2d 55, 667 N.W.2d 1, 7 (Wis.2003) (disciplinary convictions must be challenged through certiorari, not habeas corpus), and her subsequent petition for review by the Supreme Court of Wisconsin was dismissed as untimely, *see* Wis. Stat. §§ 808.10 & 809.62(1) (30–day deadline for petitions for review). The district court held that Christie had procedurally defaulted her claim both by not filing a timely petition for review and by failing entirely to seek certiorari review. It therefore denied relief.

Christie now argues that her petition for review by the Wisconsin supreme court should not have been considered untimely—that the court should have made allow-

---

* After an examination of the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* Fed. R.App. P. 34(a)(2).

ance for the time it took prison officials to mail her petition after she delivered it to them. *See State ex rel. Nichols v. Litscher*, 247 Wis.2d 1013, 635 N.W.2d 292, 298 (Wis.2001) (establishing tolling rule similar to the "mailbox rule" of *Houston v. Lack*, 487 U.S. 266, 108 S.Ct. 2379, 101 L.Ed.2d 245 (1988)). But that claim, not having been presented to the Wisconsin court, is itself procedurally defaulted. *See Edwards v. Carpenter*, 529 U.S. 446, 452, 120 S.Ct. 1587, 146 L.Ed.2d 518 (2000). In any event, Christie offers no excuse for her primary procedural lapse—her failure to seek certiorari review of her prison disciplinary cases. Because she did not make use of the remedy that state law provides—and it is too late for her to do so now—her § 2254 petition was properly denied.

AFFIRMED.