**COURT OF APPEALS
DECISION
DATED AND FILED**

**September 8, 2021**

Sheila T. Reiff
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal No. **2020AP1336-CR**

STATE OF WISCONSIN

Cir. Ct. No. **2016CF202**

**IN COURT OF APPEALS
DISTRICT III**

STATE OF WISCONSIN,

   PLAINTIFF-RESPONDENT,

 V.

KRISTINE L. BUTTKE,

   DEFENDANT-APPELLANT.

APPEAL from a judgment of the circuit court for Dunn County: ROD W. SMELTZER, Judge. *Affirmed*.

Before Stark, P.J., Hruz and Nashold, JJ.

**Per curiam opinions may not be cited in any court of this state as precedent or authority, except for the limited purposes specified in WIS. STAT. RULE 809.23(3).**

¶1    PER CURIAM. Kristine Buttke appeals from a conviction for causing mental harm to a child. She challenges the admission of expert testimony

opining that the punishment regime Buttke imposed on the victim caused him mental harm in a "psychological" or "clinical" sense. We conclude the circuit court properly exercised its discretion in admitting the expert testimony and therefore affirm.

## BACKGROUND

¶2 Relevant to this appeal, the State charged Buttke as party to the crime of causing mental harm to a child, contrary to WIS. STAT. § 948.03(3)(b) (2019-20).[1] The State alleged that Buttke and her boyfriend mistreated the boyfriend's son—a ten-year-old child with cognitive problems, whom we will call Mark[2]—by imposing excessive punishments on him. Among other things, Mark claimed that: (1) he was routinely locked in his room where he occasionally urinated and defecated on the floor because no one would let him out; (2) he was required to sleep in the basement without a mattress; (3) he was not allowed to eat the same food as the rest of the family and had to eat outside; (4) he was made to hold soup cans out to his sides or over his head until his arms hurt; and (5) he was made to stand by a wall while holding a coin against it with his nose for up to an hour.

¶3 At trial, over Buttke's objection, the State presented expert testimony from psychologist Harlan Heinz regarding the impact Buttke's actions

---

[1] Buttke was also tried and acquitted on charges of physical abuse of a child and child neglect, neither of which is at issue in this appeal.

All references to the Wisconsin Statutes are to the 2019-20 version unless otherwise noted.

[2] This matter involves the victim of a crime. Pursuant to WIS. STAT. RULE 809.86(4), we use a pseudonym instead of the victim's name.

had upon Mark.[3] As part of his evaluation, Heinz personally interviewed and tested Mark and reviewed his medical, psychological and educational records. Heinz then prepared a report discussing Mark's significant developmental delays and cognitive limitations, his problems with social relationships, his limited attention span and hyperactivity, and his rule-breaking and aggressive behaviors. Heinz diagnosed Mark with post-traumatic stress disorder, attention-deficit/hyperactivity disorder, adjustment disorder with disturbance of emotions and conduct, generalized anxiety disorder, and intellectual disability. Heinz also noted some features of reactive attachment disorder and could not rule out major depressive disorder or general learning disabilities.

¶4 Heinz acknowledged that Mark had been deprived of oxygen at birth, that he had suffered an extended period of neglect and abuse in his mother's care prior to living with his father and Buttke, and that he also could have some genetic predispositions that factored into his various issues. Taking into account Mark's longstanding behavioral and mental health issues, Heinz could not offer an opinion to a reasonable degree of professional certainty attributing "the cause of [Mark's] various symptomology to one particular cause or stimuli." Nonetheless, Heinz concluded to a reasonable degree of professional certainty that the acts attributed to Buttke and Mark's father were of the type that would cause mental harm to a child in the "psychological" or "clinical" sense and that those acts had, in fact, caused such mental harm to Mark. In forming his opinion, Heinz placed particular weight on the observation that Mark exhibited an "extreme fear" of his

---

[3] Buttke argued that Heinz's opinion was inadmissible pursuant to ***Daubert v. Merrell Dow Pharmaceuticals Inc.***, 509 U.S. 579 (1993). The circuit court overruled the objection after conducting a voir dire of Heinz outside the presence of the jury.

father and Buttke. However, Heinz also testified that: (1) he had not reviewed the law regarding mental harm; (2) the legal definition of the term could have a different meaning than the psychological definition of the term; and (3) he was not offering an opinion on whether Buttke and Mark's father had caused Mark mental harm in the "legal sense."

## DISCUSSION

¶5    Circuit courts have broad discretion to admit or exclude evidence at trial. *State v. James*, 2005 WI App 188, ¶8, 285 Wis. 2d 783, 703 N.W.2d 727. We uphold such discretionary determinations unless the court has failed to apply a relevant statute or to consider legally relevant factors, or has acted based upon mistaken facts or an erroneous view of the law. *Duffy v. Duffy*, 132 Wis. 2d 340, 343, 392 N.W.2d 115 (Ct. App. 1986). We will independently determine, however, whether a court has properly interpreted the applicable law. *James*, 285 Wis. 2d 783, ¶8.

¶6    The general admissibility of expert testimony is governed by WIS. STAT. § 907.02, which incorporates the federal test under *Daubert v. Merrell Dow Pharmaceuticals Inc.*, 509 U.S. 579 (1993). *See State v. Jones*, 2018 WI 44, ¶27, 381 Wis. 2d 284, 911 N.W.2d 97. Before admitting expert testimony, a circuit court must determine: (1) whether scientific, technical or other specialized knowledge will assist the trier of fact to understand the evidence or determine a fact in issue; (2) whether the expert is qualified as an expert by knowledge, skill, experience, training or education; (3) whether the testimony is based upon sufficient facts or data; (4) whether the testimony is the product of reliable principles and methods; and (5) whether the witness has applied the principles and

4

methods reliably to the facts of the case. *Id.*, ¶29. Here, Buttke claims that Heinz's testimony failed to satisfy the first and third parts of the ***Daubert*** test.

¶7 We first address Buttke's argument that Heinz's testimony would not assist the jury to determine a fact in issue. Based on the premise that mental harm in a psychological or clinical sense is different from mental harm in the legal sense, Buttke contends that Heinz's testimony regarding the former would be at best irrelevant and at most misleading to the jury's determination of the latter. We disagree.

¶8 As the circuit court correctly instructed the jury:

> "Mental harm" means substantial harm to a child's psychological or intellectual functioning which may be evidenced by a substantial degree of certain characteristics of the child, including, but not limited to, anxiety, depression, withdrawal, or outward aggressive behavior. "Mental harm" may be demonstrated by a substantial and observable change in behavior, emotional response, or cognition that is not within the normal range for the child's age and stage of development.

*See* WIS. STAT. § 948.01(2); WIS JI—CRIMINAL 2116 (2009). Thus, in order to determine whether a child has suffered mental harm in the legal sense of substantial harm to his or her psychological or intellectual functioning, a jury may properly consider an expert witness's opinion as to various characteristics exhibited by the child. Such characteristics include anxiety. Here, Heinz explained that his conclusion that Mark had suffered mental harm in the psychological or clinical sense was based upon observations that Mark exhibited both anxiety and extreme fear of his father and Buttke. In other words, Heinz used the term mental harm in a psychological or clinical sense to explain the

psychological characteristics Mark was exhibiting. The court could reasonably determine that such testimony would assist the jury.

¶9 Buttke next argues that Heinz's opinion lacked an adequate foundation because Heinz was unfamiliar with much of Mark's past behavioral history and the statutory definition of mental harm requires a "substantial and observable *change* in behavior, emotional response or cognition." *See* WIS. STAT. § 948.01(2) (emphasis added). We disagree with Buttke's statutory interpretation. Section 948.01(2) provides that mental harm "may" be demonstrated by a change in behavior, emotional response or cognition—not that it is necessary to demonstrate a change in behavior to establish mental harm.

¶10 Heinz's testimony focused on what characteristics Mark was exhibiting following acts attributed to his father and Buttke. Such characteristics also constitute evidence of mental harm under the statute. The amount of information Heinz had about Mark's past behavior merely goes to the weight of Heinz's testimony that the acts attributed to Mark's father and Buttke were a substantial factor in causing Mark's current characteristics. The circuit court could reasonably determine that Heinz's own observations of Mark and his review of Mark's records provided an adequate foundation for Heinz's opinion.

¶11 Finally, Buttke also argues that Heinz's testimony invaded the province of the jury in determining an ultimate issue.[4] Even if otherwise

---

[4] The State contends Buttke forfeited this argument by failing to raise it in the circuit court. Because forfeiture and waiver are doctrines of judicial administration, however, we retain the authority to address an issue on appeal even if it has not been properly preserved. *See* **Wirth v. Ehly**, 93 Wis. 2d 433, 444, 287 N.W.2d 140 (1980), *superseded on other grounds by statute*, WIS. STAT. § 895.52, *as recognized in* **State ex rel. Anderson-El v. Cooke**, 2000 WI 40, ¶29, 234 Wis. 2d 626, 610 N.W.2d 821. We do so here.

admissible under WIS. STAT. § 907.02 and ***Daubert***, expert opinion cannot be offered regarding the ultimate issue on "a legal concept for which the jury needs definitional instructions."[5] ***State v. Rocha-Mayo***, 2014 WI 57, ¶27, 355 Wis. 2d 85, 848 N.W.2d 832 (citing ***Lievrouw v. Roth***, 157 Wis. 2d 332, 351-52, 459 N.W.2d 850 (Ct. App. 1990)).[6] Here, both parties agree that the term "mental harm" has a specific legal definition requiring definitional instruction. *See* WIS. STAT. § 948.01(2); WIS JI—CRIMINAL 2116 (2009).

¶12 Buttke's ultimate-issue argument rests upon the premise that Heinz's testimony regarding mental harm constituted an impermissible opinion on the legally-defined phrase mental harm. We reject that premise. Rather, as discussed above, Heinz testified to mental harm in the psychological or clinical sense as evidenced by Mark exhibiting characteristics such as anxiety and extreme fear. Heinz explicitly stated that he was not familiar with the legal definition of mental harm and offered no opinion as to whether Mark's father and Buttke caused Mark mental harm in the legal sense. We conclude that ***Lievrouw*** is inapplicable here, and the circuit court did not erroneously exercise its discretion in admitting Heinz's testimony regarding mental harm.[7]

---

[5] Although Buttke presents this issue under the framework of ***Daubert***, 509 U.S. 579, and WIS. STAT. § 907.02, we note that the admissibility of testimony on an ultimate issue is separately governed by WIS. STAT. § 907.04 and ***Lievrouw v. Roth***, 157 Wis. 2d 332, 459 N.W.2d 850 (Ct. App. 1990).

[6] In order to preserve a future challenge to the rule regarding testimony on ultimate issues requiring legal definitions, the State contends that ***Lievrouw*** was wrongly decided, but it concedes that we are bound by existing case law.

[7] In light of our conclusion that the circuit court properly exercised its discretion, we need not address the State's additional argument that any error was harmless.

7

*By the Court.*—Judgment affirmed.

This opinion will not be published. *See* WIS. STAT. RULE 809.23(1)(b)5.